[No. 6,725.—Department One.]

# THE PEOPLE EX REL. OSCAR ALDERMAN v. JOHN KIRKPATRICK.

COSTS—STATE OF CALIFORNIA.—In a proceeding under § 772 of the Penal Code, the statute gives no warrant for a judgment for costs against the State for costs.

ID.—ID.—INFORMER.—Query: Whether in such case the Court may allow costs against the informer.

APPEAL from an order, in the Twenty-third District Court, City and County of San Francisco. THORNTON, J.

After the decision, the appellant filed his petition that the appeal be reheard in Bank, and the application was denied.

*Alfred Clarke*, for Appellant.

The old rule that the Sovereign neither pays not receives costs is not the law of this State, and the State submits herself to the payment of costs. (Code Civ. Proc. § 1038.)

A statute providing that defendant shall pay costs, being silent as to whether he may recover costs, is construed in favor of defendant for his costs, when he has judgment in his favor. (*Hall* v. *Knapp*, 1 Pa. St. 213.)

*Robert Ash,* for Respondent.

This action, under § 772 of the Penal Code, is a substitute for impeachment, and is a criminal action. It has always been insisted by defendant that this was a criminal action, and the defendant pleaded not guilty, as in a criminal case.

Section 772 provides that costs may be allowed the informant only.

There is no statute in this State allowing costs to defendant in criminal cases.

The COURT:

Under the provisions of § 772 of the Penal Code, an information was filed in the name of the people of the State on the relation of one Alderman, in one of the late District Courts of the city and county of San Francisco, charging the defendant, who was at the time chief of police of that city and county, with refusing or neglecting to perform the official duties pertaining to his office. Upon investigation the Court found the charges unsustained. Within five days thereafter the defendant delivered to the clerk of the Court, and served upon plaintiff, a memorandum of his costs in the proceeding, amounting to $451.40; and thereupon the clerk entered a judgment acquitting the defendant of the charges, and that he recover of the plaintiff, described therein as the People of the State of California in the relation of Oscar Alderman, the amount of the defendant's costs. On motion made, the Court struck out the bill of costs, and from this order the defendant appeals.

Assuming that the people of the State were parties to the proceeding, the clerk had no power to enter judgment against the State, for the reason that the statute did not authorize it. The statute declares that if on the hearing " it appears that the charge is sustained, the Court must enter a decree that the party informed against be deprived of his office, and must enter a judgment for $500 in favor of the *informer,* and such costs as are allowed in civil cases." There is in this statute no warrant for a judgment against the State for costs. And assuming, without deciding or intimating, that under its provisions the Court might

have allowed the defendant costs against the informer, it did not do so in this case. The defendant not having been allowed costs, there could be no error in striking his bill of costs from the files.

Order affirmed.