[No. 13583. In Bank. — September 12, 1890.]

## J. M. WOODS, RESPONDENT, *v.* W. S. VARNUM, APPELLANT.

SUMMARY REMOVAL OF OFFICER — ACCUSATION — PARTIES — COMPLAINT OF PRIVATE CITIZEN. — Section 772 of the Penal Code, providing for the summary removal of officers, and for an accusation in writing, verified by the oath of any person against an officer for neglect to perform his official duties, and requiring the superior court before which the accusation is presented to cite the party charged to appear before the court at a time designated, and to proceed to hear the accusation in a summary manner, etc., contemplates proceedings founded upon a written accusation of a private person, and not upon a public indictment or information brought in the name of the people.

ID. — VERIFICATION OF ACCUSATION — AFFIDAVIT. — An accusation for the removal of an officer, commencing " J. M. W. upon oath presents," etc., "the following accusation, alleging," etc., and subscribed and sworn to

before the clerk, makes the whole document an affidavit upon which perjury could be assigned, and is a sufficient verification of the accusation under section 772 of the Penal Code.

ID. — SUMMARY PROCEEDING — TRIAL BY JURY — CONSTITUTIONAL LAW. — The "summary manner" of the trial of civil officers for misdemeanor in office, mentioned in section 772 of the Penal Code, excludes the right of trial by jury, and the manner of the trial is within the power of the legislature, under article 4, section 18, of the constitution.

ID. — INTERPRETATION OF CONSTITUTION — RIGHT OF JURY TRIAL — COMMON LAW — TENURE OF OFFICE CREATED BY STATUTE. — The provision of the constitution that the "right of trial by jury shall be secured to all, and remain inviolate," refers generally to those cases in which the right of trial by jury existed at common law at the time of the adoption of the constitution, and does not include new offices created by the statute after the adoption of the constitution, or the case where the legislature creates an office, and subjects the incumbent to a trial for his official misconduct without a jury.

ID. — TAX COLLECTOR — FAILURE TO PERFORM OFFICIAL DUTIES — FRAUDULENT MISAPPROPRIATION OF TAXES — SUFFICIENCY OF ACCUSATION — DEMURRER. — An accusation against a tax collector to remove him from office for failure to perform his official duties, which charges that the accused is, and was at all times mentioned, the duly elected and acting tax collector, and that as such he willfully and corruptly refused and neglected to perform his official duties, in that he collected taxes not legally due, and did not pay them into the county treasury, or notify the persons from whom they had been thus collected, but fraudulently and corruptly retained the same, and appropriated them to his own use, giving in detail the names of a number of persons from whom taxes were collected and the amounts of such taxes, is sufficient to require his removal from office, and a demurrer thereto should be overruled.

ID. — CONSTRUCTION OF PENAL CODE — REQUIREMENT AS TO ACCUSATION. — The accusation need not conform to the requirements of sections 950, 951, and 952 of the Penal Code, which do not apply to a proceeding to remove an officer from office, but deal solely with the requirements of indictments in purely criminal actions; but the accusation is sufficient if it contains the substance of what is required in subdivision 2 of section 950, viz.: "A statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended."

ID. — MISDEMEANOR DURING TERM OF OFFICE — PLEADING. — The proceeding under section 772 of the Penal Code lies only against one in office, and not against one whose term has expired; but the accusation sufficiently shows the accused to be in office when it avers that he "is, and at all times herein mentioned was, the duly qualified and acting tax collector," etc.

ID. — REMOVAL OF TAX COLLECTOR — FAILURE TO PAY OVER TAXES COLLECTED AT END OF FIRST TERM — MISDEMEANOR DURING SECOND TERM. — A tax collector who, during the last month of his first term of office, collected taxes not due, and willfully and corruptly retained them and

converted them to his own use, it not being his duty to pay over such taxes to the treasurer or settle with the auditor until the next month, when his next term of office began, to which he had been re-elected, is guilty of misconduct during his second term, for which he can be removed during such second term.

ID. — MISAPPROPRIATION OF TAXES ILLEGALLY COLLECTED — INTENT OF COL-'LECTION IMMATERIAL. — A tax collector may be removed from office under section 772 of the Penal Code, who knowingly, willfully, and corruptly retained in his possession and appropriated to his own use double and illegal taxes, although collected by his deputies and clerks inadvertently, and without evil intent on their part, or on the part of the tax collector.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Luce, McDonald & Torrance,* and *Hammack & Mulford,* for Appellant.

The action should have been brought in the name of the people. (Pen. Code, sec. 684; *City of Santa Barbara* v. *Sherman,* 61 Cal. 57; High on Extraordinary Legal Remedies, secs. 624–697; *People* v. *Kirkpatrick,* 57 Cal. 353.) The accusation was not properly verified. (Bouvier's Law Dict., tit. Verification.) It does not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code. The facts constituting the offense should be stated with directness and certainty as to particular circumstances. (Pen. Code, secs. 948, 950, 952; Wharton's Crim. Law, secs. 592, 595–597, 610, 629, 647; 1 Greenl. Ev., sec. 65; *People* v. *McKenna,* 81 Cal. 160; *United States* v. *Simmons,* 96 U. S. 360.) The complaint does not show that the offense was committed during the present term of the incumbent, and is insufficient. (Pen. Code, sec. 772; Am. & Eng. Ency. of Law, tit. Impeachment; *Smith* v. *Ling,* 68 Cal. 325; *Morris* v. *Underwood,* 19 Ga. 559; *State* v. *Jacobs,* 17 Ohio, 143.) The court erred in refusing the demand for a jury trial. (Const., art. 1, sec. 7; Proffatt on Jury Trial, secs. 85, 95, 97, 105; *Grim* v. *Norris,* 19 Cal. 142;

79 Am. Dec. 206; *Smith* v. *Polack*, 2 Cal. 94; *Steamboat Co.* v. *Roberts*, 48 Am. Dec. 191, and note; *Callen* v. *Wilson*, 8 Sup. Ct. Rep. 1305; *Byers* v. *Commonwealth*, 42 Pa. St. 89–94; *State* v. *Peterson*, 41 Vt. 509; *Smith* v. *San Antonio*, 17 Tex. 645; *People* v. *Slaughter*, 2 Doug. (Mich.) 338; *Plimpton* v. *Town of Somerset*, 33 Vt. 291; *Wynehamer* v. *People*, 13 N. Y. 426; Pen. Code, sec. 1042; Code Civ. Proc., sec. 590; *State* v. *Allen*, 5 Kan. 222; *People* v. *Doesburg*, 16 Mich. 133; Angell and Ames on Corporations, 741, and notes; *State* v. *Messmore*, 14 Wis. 116; 3 Stephen's Nisi Prius, 2429 et seq.; *People* v. *Richardson*, 4 Cow. 97, note a; *People* v. *Albany etc. R. R. Co.*, 57 N. Y. 161; *State* v. *Burnett*, 2 Ala. 140.)

*J. L. Copeland*, and *Hunsaker & Britt*, for Respondent.

The legislature has constitutional power to prescribe a summary proceeding for removal of all civil officers other than the higher state officers. (Const., art. 4, sec. 18; *In re Marks*, 45 Cal. 218.) The statute only requires a verification by oath. (Pen. Code, sec. 772.) Sections 950, 951, and 952 of the Penal Code do not apply to an accusation under section 772. Defendant had a continuing duty to pay over taxes, though illegally collected in his first term, and his failure to pay them over during his second term sustains the accusation. (*San Francisco* v. *Ford*, 52 Cal. 198; *People* v. *Austin*, 46 Cal. 520; *People* v. *Van Ness*, 79 Cal. 84; Pol. Code, sec. 3753; *Johnson* v. *People*, 123 Ill. 624; *State* v. *Borowsky*, 11 Nev. 119.) Trial by jury has not been allowed in summary proceedings like the present. (*In re Marks*, 45 Cal. 199; *Triplett* v. *Munter*, 50 Cal. 644; *Smith* v. *Ling*, 68 Cal. 324; *Fraser* v. *Alexander*, 75 Cal. 147.) Under the common law and the decisions of this court the constitutional provision for trial by jury contained in section 7 of article 1 is limited in its operation to those cases in which the right of trial by jury previously existed. (*Grim* v. *Norris*, 19 Cal. 141; 79 Am. Dec. 206; *Koppikus* v. *State*

*Capitol Comm'rs,* 16 Cal. 249; *Boring* v. *Williams,* 17 Ala.
510; *Byers* v. *Commonwealth,* 42 Pa. St. 89.)

McFARLAND, J. — This is a proceeding against appel-
lant, under section 772 of the Penal Code, to remove
him from the office of tax collector of San Diego County,
for failing to perform his official duties. It is based upon
a written accusation presented to the superior court
by the respondent, Woods, who is a citizen and tax-payer
of the county, and chairman of the board of supervisors.
Appellant demurred to the accusation, and his de-
murrer having been overruled, he answered, denying
the allegations of the accusation. The case was tried by
the court without a jury, and judgment was rendered,
removing appellant from the said office, and for costs;
and from this judgment defendant appeals. The record
on appeal contains simply the judgment roll and three
short bills of exceptions, showing that the demurrer to
the accusation was overruled; that a motion to strike
out and set aside the accusation was denied; that a de-
mand for a jury trial was also denied; and that appel-
lant excepted to these rulings.

1. The motion to set aside the accusation is based
mainly on the ground that the proceeding should have
been in the form of a criminal action, and brought in
the name of the people. There does not appear to have
been any direct adjudication of this question since the
adoption of the codes. In *Smith* v. *Ling,* 68 Cal. 324,
and *Triplett* v. *Munter,* 50 Cal. 644, the proceeding was
by written accusation made by a private citizen, while
in *People* v. *Kirkpatrick,* 57 Cal. 353, it was in the name
of the people; but each of these cases went off on other
points, and in neither of them was any question raised
as to the form of the proceeding, or the proper parties
thereto. In *In re Marks,* 45 Cal. 199, it was expressly
held that such a proceeding was properly commenced
and prosecuted upon the written complaint of a private

citizen. That case was before the codes; but section 4 of the act of March 14, 1853, under which the proceeding was instituted, was substantially identical with section 772 of the Penal Code. (Hittell's Gen. Laws, par. 4781.) It is true that section 6 of that act provides that, as far as applicable, the rules of practice governing district courts in civil actions should apply to the proceeding; but we do not see how that provision could have any effect on the point under review. However, apart from authorities, the code seems to clearly contemplate a proceeding founded upon a written accusation of a private person, and not upon a public indictment or information in the name of the people. It provides that " when an accusation in writing, verified by the oath of any person, is presented to a superior court, alleging that any officer," etc., " the court must cite the party charged to appear before the court at a time," etc., and at the time designated "must proceed to hear, in a summary manner, the accusation," etc. It is also contended that the accusation is not properly verified. It commences as follows: " J. M. Woods, upon oath, presents to the said superior court of San Diego County the following accusation, alleging." It is signed at the end by J. M. Woods, after which is the following: " Subscribed and sworn to before me this twenty-sixth day of April, 1889. M. D. Hamilton, Clerk. [Seal.]" This makes the whole document an affidavit, upon which perjury could be assigned; and in our judgment it sufficiently complies with the requirements of verification. We think, therefore, that the court did not err in refusing to strike out the accusation.

2. We do not think that the court erred in denying the demand for a jury trial. The provision of the constitution that " the right of trial by jury shall be secured to all, and remain inviolate," refers generally to those cases in which the right of trial by jury existed at common law at the time of the adoption of the constitution.

(*Cassidy* v. *Sullivan*, 64 Cal. 266; *Koppikus* v. *Commission-ers*, 16 Cal. 249; *Grim* v. *Norris*, 19 Cal. 140; 79 Am. Dec. 206.) It probably would not include new offices created by statute after the adoption of the constitution, as held in *Tims* v. *State*, 26 Ala. 165, or the case where the legis-lature creates an office, and subjects the incumbent to a trial for his official misconduct without a jury, as held in *Boring* v. *Williams*, 17 Ala. 510, even though our consti-tution contained no other provision on the subject. But the constitution itself, after a provision for the impeach-ment before the senate of certain enumerated officers, expressly provides that "all other civil officers shall be tried for misdemeanor in office in such manner as the legislature may provide." (Art. 4, sec. 18.) The man-ner of such a trial is therefore clearly within the power of the legislature, and it is equally clear that the "sum-mary manner" mentioned in said section 772 of the Penal Code excludes the right of trial by jury.

3. We think that the demurrer to the accusation was properly overruled. The general charge of the accusa-tion is, that appellant, as tax collector, willfully and corruptly refused and neglected to perform his official duties, in this: that he collected taxes not legally due, and did not pay them into the county treasury, or notify the persons from whom they had been thus collected, but fraudulently and corruptly retained the same, and appropriated them to his own use. The main points of the demurrer are, that the accusation does not conform to sections 950, 951, and 952 of the Penal Code; that it is not specific enough in stating the particular circum-stances of the offense, the persons from whom the taxes were collected, and the time when appellant's term of office commenced; and that no offense is charged, be-cause the accusation does not show that appellant did the acts charged during his present term of office. The sections of the Penal Code referred to deal solely with the requirements of indictments in purely criminal

actions, in which defendants may be convicted, and made to suffer the usual penalties which are imposed on convicts, and they do not, therefore, directly apply to a proceeding like the one in the case at bar, where the defendant can, at the worst, only lose an office, and have a judgment (not a fine) entered against him for $500 in favor of the informer who makes the accusation, which judgment in this case has been waived by the informer. Of course the accusation, like any pleading in any kind of an action or proceeding, civil or criminal, must contain the substance of what is required in subdivision 2 of section 950 of the Penal Code, viz.: "A statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended." This requirement is fully met by the accusation in the case at bar, for after stating the charge generally, it gives, in detail, the names of a number of persons from whom taxes were collected, and the amounts of such taxes. As to the point that there is no statement of the time when appellant became tax collector, or when his present term commenced, the averment is that the appellant "is, and at all times herein mentioned was, the duly elected, qualified, and acting tax collector of said San Diego County." This was a sufficient averment on that point. Of course, the proceeding lies only against one in office, and not against one whose term has expired; but the accusation sufficiently shows appellant to be in office. There are no other points presented by the demurrer which need notice.

4. The findings show that appellant was tax collector during the years 1887, 1888, and 1889, and that his present term commenced on the first Monday of January, 1889, he thus being his own successor in the office. And the findings and judgment are attacked by appellant, because they take into account taxes collected before

January, 1889, the point being that, as this proceeding is for the removal of appellant from office, nothing can be considered that occurred before the commencement of his present term. But in the first place, finding 19 was evidently intended to find, and we think does suffi- ciently find, that part of the taxes to which the charge against appellant relates were collected in 1889, after his present term began, without considering the other find- ings that they were collected in the "collecting season of 1888–89." And in the second place, if the finding on that point be not specific enough, it is found, among other things, that part of the taxes with which appellant is charged were collected in December, 1888, and that the taxes collected by him in that month were not paid by him to the treasurer, nor was any report made thereof to the auditor "until on and after the eleventh day of Jan- uary, 1889, and during his present term of office." And if it was his duty to pay over the taxes to the treasurer, and settle with the auditor, under sections 3653 et seq. of the Political Code, in January, 1889, or afterwards, his failure to do so was a failure during his present term, although they may have come into his possession as col- lector at the close of his previous term. If he had not been re-elected, and had failed to account, he could not have been proceeded against under section 772 of the Penal Code, because he would have been beyond the reach of a proceeding by which he could be "deprived of his office." There are other provisions of the code, however, under which he would have been then liable. But as he was re-elected, and continued in possession of the office, whatever misconduct he was afterwards guilty of occurred during his new term.

We see no defects in the findings, assuming that find- ings were necessary in this proceeding. It is true that it is first found that the double and illegal taxes with which appellant is charged were, in the first instance, collected by his deputies and clerks inadvertently, and

without evil intent on their part, or on the part of appellant; but it is also found that afterwards he "knowingly, willfully, and corruptly retained the same in his possession, and knowingly, willfully, and corruptly appropriated the same to his own use." Whether or not this last finding is a correct statement of fact, was for the trial court to determine. As there is no evidence before us, we have no means of reviewing it. It must be taken here as true. We see no reversible error in the record.

Judgment affirmed.

WORKS, J., FOX, J., SHARPSTEIN, J., and PATERSON, J., concurred.