Marler v. Wear.

A. J. MARLER et al. v. CARRIE WEAR.*

(*Knoxville*. September Term, 1906.)

1. **JURY. No right to trial by, in mandamus cases at common law.**

   At common law no jury was impaneled in mandamus cases, and the constitutional provision in this State declaring that the right to trial by jury shall remain inviolate protects only the right of trial by jury as it existed at common law.

   Cases· cited and approved: Castle v. Lawlor, 47 Conn., 340; Chumasero v. Potts, 2 Mont., 242; State v. Suwannee County Com'rs, 21 Fla., 19; Dutten v. Village of Hanover, 42 Ohio St., 215; People v. Judge, 9 Cal., 19.

2. **MANDAMUS. Right to trial by jury in, within discretion of trial judge.**

   Under the Code (sec. 5336 S.) providing that if the answer to an application for mandamus denies any material fact stated in the petition, the court may determine the issues on evidence or cause the issues to· be submitted to a jury; whether the trial shall be by jury is within the discretion of the trial judge.

   Code cited and construed: Sec. 5336 (S.); 4315 (M. & V.); 3572 (1858).

FROM JAMES.

Appeal in error from the Circuit Court of James County.—GEORGE L. BURKE, Judge.

---

*This case was determined during the September term, 1905, but the opinion was filed too late to be published with the opinions for that term.

T. E. THATCH, for Marler.

TRAYNOR & SMITH, for Wear.

MR. JUSTICE NEIL delivered the opinion of the Court.

The petition for mandamus in this case was filed in the circuit court of James county, to compel the directors of a school district to issue a warrant to the petitioner Carrie Wear, a school teacher, for salary claimed to have been earned during the scholastic year terminating June 30, 1905. An alternative writ was awarded, and issued in due course, to which the directors filed an answer or return, in which they denied the leading facts alleged, and demanded a jury for the trial of the cause. This demand was refused. After hearing the evidence, his honor rendered a judgment in favor of the petitioner, awarding a peremptory writ. The directors thereupon appealed and assigned errors.

The first assignment is upon the refusal of the circuit judge to comply with the demand for a jury.

There was no error in this action of the court. Section 5336 of Shannon's Code, appearing in the chapter treating of mandamus, contains the following provision: "If the answer deny any material facts stated in the petition, the court may determine the issues upon evidence, or cause them to be submitted to a jury." This leaves the matter in the discretion of the trial judge, and no constitutional objection can be interposed. While our constitution declares that "the right of trial by jury

shall remain inviolate" (article 1, sec. 6), yet it has been held too often to need citation of authorities here, that the purpose of this provision was to protect the right as it existed at common law. But at common law no jury was impaneled in mandamus cases, since the return was treated as conclusive. *Castle* v. *Lawlor,* 47 Conn., 340; *Chumascro* v. *Potts,* 2 Mont., 242; *State* v. *Suwannee County Com'rs,* 21 Fla., 19; *Dutten* v. *Village of Hanover,* 42 Ohio St., 215; *People* v. *Judge,* 9 Cal., 19.

The first assignment must, therefore, be overruled. There are other assignments, however, pointing out errors for which the judgment must be reversed. These assignments have been passed upon in a memorandum opinion filed which will go down to the trial court with the *procedendo.* They need not be discussed in the present opinion.