ARGUED AND DETERMINED

IN THE

# SUPREME COURT

OF

# NORTH DAKOTA

---

The State of North Dakota v. S. S. Richardson and L. R. Carroll.

Opinion filed November 5, 1906.   Rehearing denied December 12, 1906.

**Officers — Removal — Procedure.**

　　1.　In proceedings under section 9646, Rev. Codes 1905, or section 7838, Rev. Codes 1899, for the removal of public officials, it is proper to object to the accusation on any ground one might assign by way of demurrer to a complaint.   If objections to the accusation are overruled, an answer must be filed and trial had in a summary manner.

**Same — Form of Accusation.**

　　2.　Accusations for removal from office for malfeasance must be presented by a grand jury.

**Counties — County Commissioners — Accusation in Proceeding for Removal.**

　　3.　It is not necessary that an accusation under section 9646, Rev. Codes 1905, should contain all the facts and circumstances surrounding the alleged charge and collections of illegal fees by public officials, but a statement that said county commissioners "presented bills against said county for their services, which were unlawfully and corruptly allowed by said defendants acting as a majority of said board of county commissioners,' and further pointing out the specific bills, claimed as illegal, stating that said defendants "charged and collected" said bills from said county, states sufficient facts to constitute cause for removal.

**Same — County. Commissioners — Compensation — Day's Work.**

4. The law does not specify the maximum number of hours which shall constitute a day for county commissioners' services, but there can be no more than one day charged for services performed in the 24 hours, from one midnight to the midnight succeeding. No per diem is allowed county commissioners for time in coming to and going from their regular session. The mileage only is allowed for travel.

**Same — County Commissioners — Criminal Liability.**

5. The fact that a county commissioner does not know that the charges he makes for his services are illegal is no excuse for making the illegal charge.

**Same — Judgment of Removal.**

6. The order finding defendant "guilty" as they stand charged in paragraphs 17, 25 and 26 of the accusation, and that "the defendants, L. R. Carroll and S. S Richardson be removed from the office of county commissioners of Ward county," is sufficient upon which to base a judgment of removal from such office and the judgment is practically the same language is sufficient, and it is unnecessary that the judgment particularize the specific acts of guilt where it is shown that illegal charges were made in monthly bills and they are set forth in the accusation.

**Costs — Criminal Prosecutions — Appeal.**

7. The respondent is not allowed costs for unnecessary reprinting of portions of abstract in the brief.

Appeal from District Court, Ward county; *Goss, J.*

Summary action for the removal of S. S. Richardson and L. B. Carroll, county commissioners of Ward county. From a judgment of removal, they appeal.

Affirmed.

*John E. Greene,* for appellants. *Geo. A. McGee, State's Attorney, C. N. Frich, Attorney General,* and *Bosard & Ryerson,* for the state.

KNAUF, J. This is a summary action brought for the removal of three of the county commissioners of Ward county on an accusation presented by J. W. Fabrick, a person residing in that county. The accusation as filed and served consisted of 28 paragraphs, containing various charges against three of the commissioners. On January 9, 1906, the defendants filed an answer in which they

objected to each and every one of the 28 articles upon the following grounds: (1) "That the court has not jurisdiction of the subject-matter thereof, in that charges therein set forth are triable only upon an accusation presented to the court by a duly constituted grand jury of the county. (2) "That the facts set forth therein, and in each of the 28 articles, are insufficient to constitute a ground for the removal from office of the said defendants, or either of them." The lower court thereupon caused a portion of the accusation to be stricken out under the second objection above, and on February 9, 1906, defendants filed an answer denying the remainder of the charges, and a jury having been waived, the court proceeded with the trial of the defendants, and after the evidence had been adduced, the court found the defendant not guilty of any of the remaining articles, or charges, except that the defendants, Richardson and Carroll, were found guilty of the charges contained in articles 17, 25, and 26, of the accusation. Defendants appeal from the judgment.

Article 17 of the accusation stated, in substance, that the defendants unlawfully and corruptly approved and allowed a claim of the Minot Optic against said county of Ward in the sum of $389.87, for 200 calendars, "and afterwards rescinded this action, and allowed the bill at $150, whereas in fact and in truth, the real value of said calendars was not more than the sum of $65, all of which the said defendants well knew." To bring article 17 within the class of accusations to be presented by a person under section 9646, Rev. Codes 1905, it is necessary to state facts, showing, not a malfeasance in office, but the charge and collection of illegal fees, a neglect of duty, or that the official has rendered himself incompetent. The facts in this article do not show it to come within either, but the facts alleged do tend to show misfeasance and malfeasance in office, and for either of those charges the accusation must be presented by a grand jury, and should have been stricken out, and the finding of the defendants guilty thereunder was erroneous. Article 25 contained no statement that the alleged illegal fees charged had been collected, and for that reason is insufficient, and does not come within section 9646, and was improperly presented, and the order and judgment, finding the defendants guilty under this article was erroneous. See sections 9632 and 9646, Rev. Codes 1905.

The county commissioners are not liable to impeachment under the constitution, but come within the class "subject to removal * * * in such manner as may be provided by law." Two methods are provided by which the machinery of the court may be set in motion for the removal of an official not liable to impeachment. One is under section 9632, and the other under section 9646, Rev. Codes 1905. If the entire accusation under which this action was set in motion came within section 9632, then the court was without jurisdiction. Articles 17 and 25 came within section 9632. A portion of the accusation, article 26, charging the defendants with "charging and collecting" illegal fees, was properly presented, and the contention of appellants that the entire accusation must have been presented by a grand jury to give the court jurisdiction is without foundation. Section 7823, Rev. Codes 1899; section 9646, Rev. Codes 1905; Wishek v. Becker, 10 N. D. 63, 84 N. W. 590; In re Marks, 45 Cal. 199; Enc. Pl. & Pr. 211; Bradford v. Territory, 2 Okl. 228, 37 Pac. 1061; Woods v. Varnum, 85 Cal. 639, 24 Pac. 843; Fuller v. Ellis (Mich.) 57 N. W. 33; State v. Peterson (Minn.) 52 N. W. 655. The method for removal of public officials other than by impeachment, is left to the legislature by constitutional provision. Section 196 of the constitution of this state provides that "the governor and other state and judicial officers, except county judges, justices of the peace and police magistrates shall be liable to impeachment," and section 197 provides that "all officers not liable to impeachment shall be subject to removal * * * in such manner as may be provided by law."

Our legislature has enacted the manner (section 9632, Rev. Codes 1905) in which officials, not included in section 196 of the constitution, should be removed for malfeasance in office. It necessarily follows that articles 17 and 25 should have been stricken from the accusation for the reason that they were not presented by a grand jury. Section 9632, Rev. Codes 1905, provides: "An accusation in writing against any district, county, township, city or municipal officer, or state officer not liable to impeachment except representatives in congress and members of the legislative assembly, for misconduct, malfeasance, crime or misdemeanor in office, or for habitual drunkenness or gross incompetency, may be presented by the grand jury to the district court of the county in or for which the officer accused is elected or appointed. * * *"

Article 26 of the accusation reads as follows: "Your informant gives this court to understand and be informed that heretofore, to wit, at various meetings of said board of county commissioners, the said defendants, acting as a majority of said board have unlawfully and corruptly audited and allowed the bills of each other for services rendered by them to said county of Ward, which said bills contained charges for illegal and excessive fees, which are more particularly described as follows, to wit:     *     *     *." Then follows a long copy list of the bills of Commissioner S. S. Richardson, for the months from January to November, 1905, inclusive, at the end of which we find the further charge: "Your informant alleges the fact to be that said defendant S. S. Richard-- son did not travel the number of miles, nor serve the number of days charged in said bills against the county of Ward, and that said fees so charged are illegal and excessive, and that said de-fendant S. S. Richardson well knew that said fees so charged were illegal and excessive. That said defendant Richardson has charged and collected from said county per diem for 30 days during the month of May, A. D. 1905, whereas in fact and in truth there are only 26 working days in said month, excluding Sundays, and that said defendant Richardson has charged and collected from said county of Ward for 31 days' services in the month of June, 1905, and that for 36 days' services in the month of July, 1905, whereas in fact and in truth there were no more than 26 working days in said months." Then follows a long copy list of bills of Commissioner L. R. Carroll, for the months from January to November, 1905, inclusive, at the end of which we find the further charge: "Your informant alleges that said de-fendant Carroll charged and collected from the county of Ward during the period from January 3, 1905, to November 24, 1905, for 265 days' services and 7,287 miles travel in the performance of his duties as a member of the board of county commissioners. That said fees for services and mileage are far in excess of the service actually performed and the mileage traveled. That said defendant charged and collected from said county of Ward for 27 days' services during the month of April, 1905, for 29 days' services during the month of May, 1905, for 29 days' services during the month of June, 1905, for 46 days' services during the month of August, 1905, and for 27 days' services during the month of October, 1905, and your informant alleges the fact to be that

there were only 26 working days in said month, and that under no circumstances could said defendant have worked more than 26 days during said months if he had performed services for said county each and every day thereof, excluding Sundays. Your informant alleges that said defendant Carroll charged and collected from said county for services for care of poor on the 15th and 25th days of April, in the sum of $8, being $4 per day, whereas the legal fees therefor are the sum of $2 per day. Your informant alleges that said defendant Carroll charged and collected from said county of Ward the sum of $4 for services as commissioner on the 5th day of May and the additional sum of $4 for the same day for viewing roads, making a total charge for said day's services of $8. Your informant also alleges that said defendant Carroll charged and collected for his services as commissioner from March 6th to March 8th, the sum of $16, when, as a matter of fact, he was only entitled to the sum of $12. Your informant alleges that said defendants well knew that their said fees so charged and collected were illegal and excessive, but, notwithstanding such knowledge they conspired and agreed together to audit and allow the same, contrary to the prohibition of the statute in such cases made and provided, and in violation of their official duties.  *  *  *  Further affiant sayeth not, save that this affidavit is made for the purpose of calling the attention of the court to the accusations made against these defendants with the end in view that they may be removed from their said office as county commissioners and that the court appoint some qualified attorney or attorneys to act as prosecuting officers in the matter and require said defendants to appear before said court at a time to be specified and answer said accusations as provided by law."

To come within the class of removals, which may be initiated by any person, article 26 must come under one or the other of the following three causes set out in section 9646, Rev. Codes 1905, viz: That an officer within the jurisdiction of the court has been guilty of (1) charging and collecting illegal fees for services rendered in his office, or (2) has refused or neglected to perform the official duties pertaining to his office, or (3) has rendered himself incompetent to perform his said duties by reason of (a) habitual drunkenness, or (b) other cause. This article of the accusation read in its entirety comes within the first subdivision of section 9646 above. "When an accusation in writing and veri-

fied by the oath of any person is presented to the district court, alleging that an officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered, or to be rendered in his office  *  *  *" Under this law it is sufficient to allege the charging and collection of illegal fees.

The second objection raised by the appellants to the accusation, "That the facts set forth therein  * . *  *  are insufficient," etc., is without foundation. While article 26 of the accusation is not drawn with great skill, it sufficiently states the alleged facts and circumstances to apprise the defendants of the allegations made against them. Two bills, not itemized, were contained in full in the article, the concluding part of the article specifically pointed out various alleged illegal "charges and collections" made by the defendants, the excessive per diem and mileage, the excessive time charged for, and could not but apprise a person of ordinary understanding what he must prepare to defend. Two cases are relied upon by the appellants to sustain their position that the accusation does not contain facts sufficient to constitute ground for removal from office. State v. Friars (Wash.) 39 Pac. 104, does not apply because therein it was charged that excessive charges were made for 82 days' service in 1893, and that said days were not necessary in dispatching the business. There is no specific months or dates or time when it was claimed the time charged for was excessive and there is a failure to specify the actual number of days necessary to transact the county business. Smith v. Ellis (Idaho) 6 Pac. 695, does not apply to the facts in this action because in that case neither the dates or months were given in which the alleged illegal charges were made. As sustaining the accusation on the matter of sufficiency, see, Woods v. Varnum (Cal.) 24 Pac. 843; Rankin v. Jauman (Idaho) 36 Pac. 502; Trigg v. State, 49 Tex. 645; 17 Enc. Pl. & Pr. 219. The accusation alleged that the appellants charged and collected illegal fees and the evidence shows that month after month, the appellants in making and presenting their bills, charged, audited, allowed, and collected per diem and mileage for one day coming to the commissioners' meetings or one day going home from the meetings, or both. That such a charge and collection was made for each month from January to November, 1905, inclusive, was pleaded, proven, and stands admitted by appellants.

It was contended by appellants in their testimony that they rightfully charged and collected per diem and mileage for one day coming to the commisisoners' meetings and per diem and mileage for one day going from the commissioners' meetings. For this charge and collection there is no warrant of law, and the charging and collecting thereof is ground for removal. Section 2613, Rev. Codes 1905 (first enacted in 1901,) fixes county commissioners' salaries as follows: "County commissioners shall each be allowed for the time they are necessarily employed in the duties of their office the sum of four dollars per day, and five cents per mile for the distance actually traveled in attending the meetings of the board, and when engaged in other official duties. * * *" Under this law there is no provision for collecting per diem for coming to or going from the commissioners' meetings. Provision is only made for mileage for travel. The per diem is for "time they are necessarily employed in the duties of their office," and five cents per mile is allowed for the "distance actually traveled in attending the meetings of the board." The appellants testified that it was and had been their custom when out on committees inspecting roads or bridges for the county, to charge the county for overtime when they drove, or rode on a train at night, and in this manner attempt to account for the fact that in some months they had charged and collected from the county per diem for more than the actual number of days in the month, or portion of months covered by the charge. Unless the contrary is fixed by statute, a day extends over the 24 hours from one midnight to the next midnight. And a county commissioner cannot charge and collect for two days' official service performed within the 24 hours from midnight to midnight, and to do so is illegal and constitutes grounds for removal from office. Robinson v. Dunn, 77 Cal. 473, 19 Pac. 878, 11 Am. St. Rep. 297; Smith v. County Com. 10 Colo. 17, 13 Pac. 917. The appellants to further justify their position professed ignorance of the illegality of such charges and maintained that it had been the custom of the commissioners to charge and collect such fees. The plea of ignorance and custom cannot excuse the act, under the facts of this case. Miller v. Smith (Idaho) 61 Pac. 824.

The questions of law arising in this action having been disposed of, we are now to inquire whether the evidence on the part of the state was sufficient upon which to warrant a conviction. The

state introduced in evidence the bills rendered for services by these defendants from January, 1905, to and including November, 1905. As a rule these bills were substantially as follows: "May 5th, 1905. Ward county to L. R. Carroll, Dr. April 15 to 25, care of poor, two days, 29 miles $9.45. Apr. 18 to 29, 19 days viewing $76.00. 642-32-10. May 1 to 5 Com. Proceedings $20.00. Going and coming $8.00. 54 miles $2.70. Total $148.25." The evidence adduced by the state showed the presentation of the bill, its audit and allowance, and the issuance of the county's warrant in payment thereof. This particular bill was for "care of poor, two days, 29 miles, $9.45." The statute provides for but $2 per day for care of poor, and the charging and collection of $4 per day, therefore, was excessive (section 1868, Rev. Codes 1905) and illegal, and is ground for removal. Section 9646, Rev. Codes 1905. The charge and collection of $4 per day for coming to and going from the commissioners' meetings is without authority of law, the mileage of five cents per mile alone being allowed for travel. Our statute, section 2613, Rev. Codes 1905 (p. 66, c. 53, Session Laws, 1901) provides for a per diem salary "for the time they are necessarily employed in the duties of their office," and five cents per mile for the distance actually traveled in attending the meetings of the board is provided. This cannot be construed to mean $4 per day in addition to the mileage for a day to come to the meeting and a day to return. It necessarily follows that the charging and collection of a per diem charge of $8 for two days, coming to and going from the commissioners' meetings in addition to the mileage, and this occurred monthly, was illegal, and is ground for removal from office.

The charge and collection of excessive fees for "care of poor" appears only once and then on the part of appellant Carroll. It constituted ground of removal as to him. Under the testimony, for some of the months bills were presented, audited, and allowed and collections made by defendants for per diem to themselves in excess of the number of days in the month. As in the bill set out above, the charge and collection was made for 19 days from "Apr. 18 to 29," whereas, under our law, there could be but 12 days during that time, counting both the first and last days. The charge and collection was illegal, and is ground for removal from office. It was contended by counsel for appellants that the judgment was insufficient and defective and void because it failed to assign the

grounds upon which the finding of guilty is based. Were this proceeding to remove from office under an accusation presented by a grand jury then the judgment would be insufficient for the reasons stated. See section 9632 and section 9642, Rev. Codes 1905. Section 9646, Rev. Codes 1905, provides: "The decision of the court * * * shall be guilty or not guilty," and if the accused is found guilty either by the decision of the court or by the verdict of the jury, the court shall render judgment that the accused be removed from his office, and for the costs of the action." The court found by its order that the appellants, Richardson and Carroll, were guilty as charged in the accusation, and ordered judgment of removal and ouster from the office of county commissioner of Ward county, and thereupon judgment was made and entered, removing said defendants, Carroll and Richardson from such office and taxing costs against them. It was unnecessary to enter the reasons for the judgment other than set forth in the order for judgment, The proceeding is summary and section 9646 provides a proceeding complete in itself, and an order and judgment in accordance therewith are sufficient.

The order and judgment of removal of the appellants from the office of county commissioner of Ward county, N. D., upon the grounds specified in and the proofs under article 26 of the accusation, is affirmed. The clerk of the court below, in taxing the costs for printing of respondent's brief, will deduct the cost of printing 28 pages thereof, for the reason that that number of pages of printed matter contained in the abstract were unnecessarily reprinted therein.

MORGAN, C. J., concurs. ENGERUD, J., not present or participating.