IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 3, 2009 Session

STATE OF TENNESSEE ex rel. ROBERT L. WOLFENBARGER, III., et al.,
v. SCOTT MOORE, et al.

Appeal from the Chancery Court for Knox County
No. 171426-2      Judge Jon Kerry Blackwood, Sr. Judge

No. E2008-02545-COA-R3-CV - FILED FEBRUARY 12, 2010

Sixteen "citizen plaintiffs" filed this ouster suit against Scott Moore and Paul Pinkston, Knox County Commissioners. Plaintiffs demanded a jury, which the Trial Court disallowed and, following an evidentiary hearing, the Trial Judge found that Scott Moore should be removed from office, but held the petitioners were unsuccessful in their attempt to oust Paul Pinkston. The parties have appealed and we hold that plaintiffs are entitled to a jury to decide the factual issues in dispute and vacate the Trial Court's Judgment as to Paul Pinkston and remand for a new trial. The Judgment as to Scott Moore is affirmed.

Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Vacated in Part, Affirmed in Part and Remanded.

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Arthur G. Seymour, Jr., and Kevin A. Dean, Knoxville, Tennessee, for the appellant, Scott Moore and appellee, Paul Pinkston.

Herbert Moncier, Knoxville, Tennessee, for the appellees, State of Tennessee, ex rel, Robert Wolfenbarger, III., and "Citizen Plaintiffs".

## OPINION

This ouster action was filed on January 22, 2008 in the Chancery Court, by sixteen "citizen plaintiffs" on relation to the State of Tennessee and Knox County, Tennessee against Knox County Commissioners Scott Moore and Paul Pinkston. The complaint sets forth a cause of action against defendants pursuant to Tenn. Code Ann. § 8-47-101 *et seq.*[1] and Tenn. Code Ann. § 29-35-101 *et seq.*[2] seeking removal of defendants from their offices as Knox County Commissioners for violations of Tennessee's Open Meeting Act in January 2007, for violation of their oath of office in January 2007, and for making false statements while under oath in the Open Meetings Act Litigation.

Plaintiffs describe themselves as ten"[c]itizen plaintiffs" and state that they are Knox County citizens and freeholders[3]; private individuals[4]; local taxpayers; members of a political association

---

[1] Tenn. Code Ann. § 8-47-101 provides: "Every person holding any office of trust or profit, under and by virtue of any of the laws of the state, either state, county, or municipal, except such officers as are by the constitution removable only and exclusively by methods other than those provided in this chapter, who shall knowingly or willfully commit misconduct in office, or who shall knowingly or willfully neglect to perform any duty enjoined upon such officer by any of the laws of the state, or who shall in any public place be in a state of intoxication produced by strong drink voluntarily taken, or who shall engage in any form of illegal gambling, or who shall commit any act constituting a violation of any penal statute involving moral turpitude, shall forfeit such office and shall be ousted from such office in the manner hereinafter provided."

[2] Tenn. Code Ann. § 29-35-101(2) provides: "An action lies in the name of the state against the person or corporation offending, in the following cases: . . . (2) Whenever any public officer has done, or suffered to be done, any act which works a forfeiture of that officer's office . . . ."

[3] Tenn. Code Ann. § 29-35-110 provides that suit may be brought on the part of private individuals and: a) [i]t is also brought on the information of any person, upon such person giving security for the costs of the proceedings, to be approved by the clerk of the court in which the bill is filed. (b) When the suit is brought at the relation of a private individual, it shall be so stated in the bill and proceedings, and such individual is responsible for costs in case they are not adjudged against the defendant.

[4] Tenn. Code Ann. § 29-35-110 provides that suit may be brought on the part of private individuals and: a) [i]t is also brought on the information of any person, upon such person giving security for the costs of the proceedings, to be approved by the clerk of the court in which the bill is filed. (b) When the suit is brought at the relation of a private individual, it shall be so stated in the bill and proceedings, and such individual is responsible for costs in case they are not adjudged

(continued...)

of residents supporting Knox County Term Limits; and are publically spirited citizens seeking to rectify wrongs committed by defendants.

The complaint further alleged that Scott Moore violated the Knox County Charter, his oath of office and the Knox County Ethics policy by secretly obtaining advice, assistance and services of a private attorney regarding the appointment of the twelve new Commissioners. The complaint also alleged that Moore and Pinkston misappropriated public funds and that the acts of defendants justify an award of punitive damages.

The certificate of service shows the Complaint was served on the Knox County District Attorney General and the Knox County Law Director as provided for in *Bennett v. Stutts*, 521 S.W. 2d 575, 577 (Tenn. 1975).

The Law Director of Knox County filed a statement acknowledging service and the duty placed on the Law Director by Tenn. Code Ann. § 8-47-111 "to aid and assist" the citizen relators in the action and that the Law Director would continue to be available further to aid and assist in the matter. However, the Law Director stated that he could not represent or appear as counsel for the plaintiffs because doing so would violate his ethical obligations under Tenn. Sup. Ct. R. 8, RPC 1.7 and 1.9.[5]

Defendants moved that the Chancellor recuse himself and for severance of the cases against them, and that the jury demand be struck, and a further claim for damages. Responding to the motion, the Trial Court entered an order holding the plaintiffs were not entitled to a jury.

Scott Moore filed an answer on September 23, 2008 and Paul Pinkston filed his answer the next day. Both answers raised the affirmative defense that one or more of the plaintiffs lack the capacity to sue under the Ouster Act. Plaintiffs then filed an amended complaint and defendants filed an answer to the amended complaint. In that answer the defendants raise the issue of whether plaintiffs have standing to sue under the *quo warranto* statutes, Tenn. Code Ann. §§ 29-35-101(2), 29-35-106 and 29-35-113 and that Tenn. Code Ann. § 5-1-106 is inapplicable to the suit.

Following the evidentiary hearing, the Trial Court stated that both defendants violated the Open Meetings Act by clear and convincing evidence. The Court said that a violation of the Open Meetings Act was misconduct, but the Court had to determine if defendants' conduct was knowing and willful. The Court found that while the defendants, as well as the other Commissioners had violated the Open Meeting Act, the misconduct was not willful or knowing and that the conduct was

---

[4](...continued)
against the defendant.

[5] Rule 1.7 deals generally with conflicts of interest and Rule 1.9 deals with conflict of interest and former clients.

not such conduct that would subject them to an indictment under common law. The Court held that the petition failed on this ground.

The Court then considered the allegations that Commissioner Pinkston made false statements under oath concerning the alleged violations of the Open Meeting Act, and the Court concluded that while Commissioner Pinkston may have been in error in his interpretation of the Open Meeting Act, he did not make false statements. The Trial Court held that the petition failed as to Commissioner Pinkston.

The Trial Court then turned to the events of January 11, 2007 at the meeting of the Knox County Commissioners and concluded after reviewing the evidence that false statements were given under oath intentionally, knowing and with intent to deceive. Perjury is defined in Tenn. Code Ann. 36-16-702 and because Commissioner Moore was guilty of perjury, the Court ordered Commissioner Moore removed from office.

This appeal ensued and the issues presented for review are:

A.     Whether plaintiffs had standing to file an ouster suit under Tenn. Code Ann. §8-47-102?[6]

B.     Whether the Trial Court used the wrong evidentiary standard in ousting Scott Moore from office for violation of the criminal statute, Tenn. Code Ann. §39-16-702, by not requiring proof beyond a reasonable doubt, absence a conviction?

C.     Whether the Trial Court's finding that Scott Moore violated Tenn. Code Ann. §39-16-702 was supported by a preponderance of the evidence?

D.     Were the State and plaintiffs entitled to and erroneously denied a jury trial against defendants?[7]

E.     Were the State and plaintiffs entitled to and erroneously denied the right to join claims for ouster pursuant to Tenn. Code Ann. § 8-47-101 with claims for removal pursuant to Tenn. Code Ann. § 29-35-101(2) against defendants?

F.     Did the Trial Court erroneously apply Tenn. Code Ann. § 8-47-101 "knowingly"; "willfully"; "misconduct in office"; or "neglect to perform a duty"?

G.     Did the Trial Court apply an incorrect standard of proof of clear and convincing evidence?

_____

[6] Issues A - C were raised by defendant/appellant Scott Moore.

[7] Issues D - H were raised by plaintiffs.

H.       Did the Trial Court err in denying the plaintiff's application for attorney's fees?

A trial court's findings of fact in a non-jury case are reviewed *de novo* upon the record. The trial court is afforded a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13 (d); *Wright v. City of Knoxville,* 898 S.W.2d 177, 181 (Tenn. 1995). The trial court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Taylor v. Fezell,* 158 S.W.3d 352, 357 (Tenn. 2005)*, Union Carbide Corp. v. Huddleston* 854 S.W.2d 87, 91 (Tenn. 1993).

Defendant Scott Moore contends that plaintiffs did not have standing to file this suit under the Ouster Act, Tenn. Code Ann. §8-47-101 *et seq*., and specifically under section 8-47-102. Plaintiffs contend that as defendant never raised this issue at the trial level, he cannot raise the issue on appeal.  Alternatively, plaintiffs argue that they had standing to bring the suit pursuant to Tenn. Code Ann. § 8-47-110. The record does not show that the issue was raised below, however, this Court can *sua sponte* consider the standing issue on appeal. *See Public Employees For Environmental Responsibility v. Tennessee Water Quality Control Bd.*, No. M2008-01567-COA-R3-CV, 2009 WL 1635087 at * 5 - 6 (Tenn. Ct. App. Jun. 10, 2009).

Tenn. Code Ann. § 8-47-110 provides plaintiffs, such as these, standing to bring an ouster suit.  This section provides:

> The petition or complaint shall be in the name of the state and may be filed upon the relation of the attorney general and reporter, or the district attorney general for the state, or the county attorney in the case of county officers, and of the city attorney, or the district attorney general, in the case of municipal officers; **and in all cases it may be filed, without the concurrence of any of such officers, upon the relation of ten (10) or more citizens and freeholders of the state, county, or city,** as the case may be, upon their giving the usual security for costs.  (Emphasis supplied).

Accordingly, section 110 of the ouster statute specifically allows these plaintiffs to bring this suit on behalf of the county. [8] [9]

_____

[8] *See State ex rel. Jones v. Looper*, 86 S.W.3d 189, 191 (Tenn. Ct. App. 2000); *Duncan v. Cherokee Ins. Co.,* No. 87-40-II, 1987 WL 11329 at * 2 (Tenn. App. May 27, 1987); *State ex rel. Plemons v. Wester*, No. 03A01-9810-CV-349,1999 WL 427644  (Tenn. App. Jun. 18, 1999)(ouster suits brought by ten or more named citizens pursuant to Tenn. Code Ann. § 8-47-110.

[9] This Court recently affirmed the trial courts' dismissal of suits brought by citizen plaintiffs on behalf of the state in *State, ex rel. Deselm v. Tennessee Peace Officers Standards Com'n*, No.
(continued...)

Scott Moore contends that he was ousted from office based on the Trial Court's finding that he violated a penal statute for misdemeanor perjury, Tenn. Code Ann. § 39-16-702, and the Trial Judge should have applied the standard of proof of beyond a reasonable doubt used in criminal matters rather than the clear and convincing evidentiary standard.

This issue was not raised by Mr. Moore at the trial level, thus he is precluded form raising it on appeal. *Correll v. E.I. DuPont de Nemours & Co.,* 207 S.W.3d 751, 757 (Tenn. ,2006)(citing *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn.1991). However, even if the issue could be raised at this stage, it is without merit. The ouster statute, Tenn. Code. Ann. § 8-47-101 provides:

> Every person holding any office of trust or profit, under and by virtue of any of the laws of the state, either state, county, or municipal, except such officers as are by the constitution removable only and exclusively by methods other than those provided in this chapter, who shall knowingly or willfully commit misconduct in office, or who shall knowingly or willfully neglect to perform any duty enjoined upon such officer by any of the laws of the state, or who shall in any public place be in a state of intoxication produced by strong drink voluntarily taken, or who shall engage in any form of illegal gambling, **or who shall commit any act constituting a violation of any penal statute involving moral turpitude, shall forfeit such office and shall be ousted from such office in the manner hereinafter provided.** (Emphasis Supplied).

Tennessee cases instruct that when a public official is ousted from office after a finding of perjury by a court in a civil proceeding the correct evidentiary standard to be applied is that of clear and convincing evidence. In *State ex rel. Plemons v. Wester*, No. 03A01-9810-CV-349, 1999 WL 427644 (Tenn. App. Jun. 18, 1999) citizen plaintiffs filed an ouster suit under Tenn. Code Ann. § 8-47-101 seeking to have the Mayor of Harriman, Tennessee ousted from office based on the allegation that he had violated his oath of office. *Id.* at * 1. The plaintiffs did not argue that the Mayor had committed willful misconduct in office, or that he willfully neglected to perform any duty of office. However, they argued that he was guilty of perjury because his oath of office included the provision that he had no personal contracts with the City of Harriman. Plaintiffs contended that as the Mayor was employed by the city's utility board, he had an employment contract with the city, thus his oath was false. This Court noted one of the statutory basis for ouster is a violation of a penal statute before an official may be ousted from office. In that case, as here, it was the perjury statute that was alleged to have been violated. Because Tenn. Code Ann. § 39-16-

[9](...continued)
M2007-01855-COA-R3-CV, 2008 WL 4614523 (Tenn. Ct. App. Oct. 16, 2008), *app. for perm. to appeal dismissed* Feb. 12, 2009 and *State ex rel. DeSelm v. Owings,* No. E2008-02326-COA-R3-CV, 2009 WL 1470704 (Tenn. Ct. App. May 27, 2009). Tenn. Code Ann. § 8-47-110, however, was apparently not relied on by either party in those cases.

702 required that the false statement made under oath must have been made with the intent to deceive for it to be classified as perjury, plaintiffs had to produce evidence that the Mayor had made his oath with an intent to deceive before ouster could be ordered. The Court then addressed the standard of proof the trial court needed to apply and found that "the evidence of official dereliction should be clear and convincing." *Id.* at * 3 (citing *State ex rel. Thompson v. Walker,* 845 S.W.2d 752, 759 (Tenn. App.1992). The Trial Court in this case did not err when it applied the clear and convincing standard to the question of whether Mr. Moore's testimony in the Open Meetings Litigation was perjury.

The ouster case *State ex rel. Leech v. Wright,* 622 S.W.2d 807 (Tenn. 1981), while not addressing the evidentiary standard, additionally establishes that ouster is purely a civil proceeding and that the rights granted to defendants in criminal cases are not applicable under the ouster statutes. *Accord. State ex rel. v. Howse*, 132 Tenn. 452, 178 S.W. 1110.

Next, the Citizen Plaintiffs contend the Trial Court erred when it denied their jury demand. The Trial Court relied on Tenn. Code Ann. § 8-47-119(c) when it declined to allow a jury trial on the disputed factual issues as to the claims against both defendants. This section of the code provides that "any defendant shall be entitled to demand and have a trial by jury as to any issue of fact". The Ouster statute does not expressly state that plaintiffs are entitled to demand or have a trial by jury nor does the statute expressly preclude plaintiffs from receiving a trial by jury upon demand. The Trial Court, however, held the statute precluded a jury trial on demand of plaintiffs under any circumstance.

As first enacted by Pub. Acts 1915, c. 11, the Ouster Act did not make any specific provisions for a trial by jury on issues of fact and in 1916 the Tennessee Supreme Court held that because the Ouster Act provided that it is a summary proceeding, "without more", a trial of such an action should be one without the intervention of a jury. *State ex rel. Timothy v. Howse* 183 S.W. 510, 514 (Tenn. 1916)(citing *Woods v. Varnum*, [85 Cal. 639, 24 Pac. 843]; *Govan v. Jackson*, 32 Ark. 557, cited in *Taylor v. Carr*, 125 Tenn. 249, 141 S. W. 745, Ann. Cas. 1913 C, 155; *Yoder v. Com.*, 107 Va. 823, 57 S. E. 583; *Territory v. Sanches*, 14 N. Mex. 493, 94 Pac. 954, 20 Ann. Cas. 109). By Chapter 94 of the Public Acts of 1933, the "something more" was provided by the legislature when the Ouster Act was amended to grant a defendant official the right to a jury trial. The 1933 Act was later repealed in 1937, which Act then denied the right to a trial by jury under the Ouster Act. The provision that a defendant official in an ouster case is entitled to a jury trial upon any issue of fact was restored to the Act in 1952. *See Edwards v. State ex rel. Kimbrough* 194 Tenn. 64, 68, 250 S.W.2d 19, 20 (Tenn.1952).

Plaintiffs contend that they have a right to jury trial under the Tennessee Constitution and pursuant to Tennessee law. Plaintiffs support this contention by citing Tenn. R. Civ. P. 38.01 which states that "[t]he right of trial by jury as declared by the Constitution or existing laws of the state of Tennessee shall be preserved to the parties inviolate." The constitutional right to a jury trial in civil cases is found in the Tennessee Constitution, Article I, Section 6 and provides "[t]hat the right of trial by jury shall remain inviolate . . . . " Generally the constitutional right to a jury trial in civil cases has been limited to those actions for which a jury was available at the time the Tennessee

Constitution was adopted, however, the legislature is free to enact new claims for which a jury may be demanded and to extend the right to a jury trial to some of the cases where it did not previously exist. The court in *Brown v. Latham,* Nos. 01-A-01-9401-CV00008, 01-A-01-9402-PB00061, 1994 WL 570102 (Tenn. App. Oct. 19, 1994) discussed this general rule as follows:

> While it is one of the most cherished rights preserved by our Constitution, the right to a trial by jury is not absolute. Where Art. I § 6 of the Tennessee Constitution says, "The right to trial by jury shall remain inviolate" it preserves the right as it existed at common law "insofar as that law had been adopted and was in force in North Carolina when the territory embraced in Tennessee was ceded by North Carolina to the United States government." *State v. Dusina,* 764 S.W.2d 766 at 768 (Tenn.1989). *See also Marler v. Wear,* 117 Tenn. 244, 96 S.W. 447 (1906). As a matter of constitutional rights, a party was not entitled to a jury trial in equity, *Hunt v. Hunt,* 169 Beeler 1, 80 S.W.2d 666 (1935); in a suit for mandamus, *Marler v. Wear,* 117 Tenn. 244, 96 S.W. 447 (1906), in ouster cases**,** *State ex rel Timothy v. Howse,* 134 Tenn. 67, 183 S.W. 510 (1916); in prosecutions for petty offenses punishable with fines of up to fifty dollars, *Capitol News Co. v. Metropolitan Government,* 562 S.W.2d 430 (Tenn.1978); in trials for misdemeanors not involving life or liberty, *Willard v. State,* 174 Tenn. 642, 130 S.W.2d 99 (1939); in certain "summary" proceedings, *State v. Hartley,* 790 S.W.2d 276 (Tenn.1990); or to citations for contempt*, Pass v. State,* 181 Tenn. 613, 184 S.W.2d 1 (1944). The list is not intended to be all-inclusive. Nor does it describe the current state of the law, because the legislature has seen fit to extend the right to a jury trial to some of the cases where it did not previously exist. *See* Tenn. Code Ann. § 8-47-119(c); Tenn. Code Ann. § 21-1-103.

*Brown v. Latham,* 1994 WL 570102 at *1.

One of the statutes referenced in *Brown* as an example of the legislature extending the right to a jury trial in cases where that right did not previously exist was the Ouster Act, Tenn. Code Ann. § 8-47-119(c), which extended the right to a jury trial to the defendants. Further, plaintiffs argue the legislature also extended that right to a jury trial to ouster plaintiffs in 1976 when it enacted Tenn. Code Ann. § 21-1-103 which gave the right to a jury trial in suits in chancery to either party to try and determine any material fact in dispute except in cases involving complicated accounting or those cases where trial by jury is elsewhere excepted by law or by provisions of the Tennessee Code. As the Ouster Act at section 8-47-118 provides that ouster actions "shall be conducted in accordance with the procedures of court of chancery, where not otherwise expressly provided herein", plaintiffs argue that Tenn. Code Ann. § 21-1-103 affords them the right to demand and have the factual issues tried by a jury.

The Supreme Court has held that when the legislature enacted section 21-1-103, it intended to give a broad right to trial by jury and unless trial by jury was "expressly excepted" by statute, the parties were entitled to have a jury determine the material facts of the case. *Smith County Education Association v. Anderson,* 676 S.W.2d 328, 337 (Tenn. 1984).

As Tenn. Code Ann. § 8-47-101 *et seq.* does not "expressly" state that plaintiffs in an ouster suit are "excepted" from trial by jury, the Trial Court erred when it precluded plaintiffs from trial by jury on the disputed material facts, since Tenn. Code Ann. § 21-1-103 extends the right to trial by jury to all parties in suits in chancery. Accordingly, we vacate the Judgment entered by the Court in this case as to Paul Pinkston, and remand for a trial by jury on all issues of material facts.

We affirm, however, the Trial Court's Judgment as to Scott Moore. Neither plaintiffs nor Moore asked that the Trial Court's Judgment that Moore should be removed from office because of perjury, should be vacated or reversed, because the Trial Court failed to grant plaintiff a jury trial on that claim. Plaintiffs, in their brief ask that Moore's conviction be affirmed, and that we reverse the Trial Court as to Moore and Pinkston's open meeting violations, and the claims against Pinkston for perjury be remanded for trial on these specific issues. Essentially, neither plaintiffs nor Moore ask that the claim against Moore for perjury be vacated, because of the Trial Court's failure to grant plaintiff a jury trial.[10] While, the Trial Court erred in not granting plaintiffs' demand for a jury against Moore on the open meeting act violation, this was harmless error because the Trial Court found in favor of plaintiffs, and Moore was ousted on another ground.

In conclusion, we affirm the ouster of Scott Moore, but vacate the Judgment as to Paul Pinkston, and remand for a trial before the jury on the issues raised in the pleading, as to Paul Pinkston.

The cost of the appeal is assessed one-half to Scott Moore and one-half to Paul Pinkston.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[10] Plaintiffs' brief concludes: "For the reasons stated, Moore's appeal is without merit and this Court should affirm his ouster by the Trial Judge."