# Wheeling.

### JOEL MCPHERSON vs. THE STATE.

### WALLACE ROBINSON vs. IDEM.

### ALEXANDER WALKER vs. IDEM.

### GEORGE H. LEWIS vs. IDEM.

#### August Term, 1869.

An office holder in this State cannot be removed, because his name has been stricken from the list of registered voters, when he was, at the time of his election and induction into office, a qualified and registered voter, for that cause alone.

The rules in these cases were awarded in the court be-. low, as appears by the record, on the motion of the prosecuting attorney of the county, but the cases were proceeded on in this court in the name of the State.

The opinion of the judge contains a sufficient statement of the point involved.

*Sperry* and *Richardson* for the plaintiffs in error. .

*Attorney General Caldwell* and *Stanton & Allison* for the State.

MAXWELL, J.   These are four separate causes brought here on writs of supersedeas from judgments of the circuit court of Greenbrier county.   As the causes all involved the same question, and have been argued together, I shall consider them together.   McPherson was the clerk of the circuit court, Robinson the sheriff, and Lewis the recorder of said county, and Walker the supervisor of one of the townships thereof.

Proceedings were instituted against these parties to remove them from their respective offices, because their names had been, after they were respectively elected, struck from the lists of registered voters of said county.

The proceedings were upon rules, all of which are the same, except as to the name of the parties, and the offices held by them respectively.

Here is the one against McPherson as a sample of the whole :

"The State of West Virginia to the sheriff of Greenbrier county, greeting :

"We command you that you summon Joel McPherson, clerk of the circuit court of Greenbrier county, if he be found in your bailiwick, to appear before the judge of the circuit court for Greenbrier county, at the court-house of said county, on to-morrow morning, 10 o'clock, to show cause, if any he can, why his office as clerk should not be declared to be vacated, and he prohibited from any further exercise thereof, because since his election to said office he has been struck off by the board of registration of Greenbrier county from the list of registered voters of said county ; and have then there this writ.

"Witness, Joel McPherson, clerk of the said court, at the court-house of said county, the 27th day of January, 1869, and in the 6th year of the State.

"JOEL McPHERSON."

The parties respectively appeared and moved to quash the rules against them, but the court refused to quash them, or any of them, by which the question is raised here for consideration, whether or not the matter charged in the rules, if true, is sufficient cause for removal from office.

The 4th section of the 3rd article of the constitution provides that "No persons except citizens entitled to vote shall be elected or appointed to any State, county or municipal office."

It is claimed that under the act passed February 25th, 1867, entitled "An act providing for the registration of the qualified voters of the State," as amended by the act passed

March 4th, 1868, if the name of any voter be struck from the list of registered voters he thereby forfeits and vacates any office to which he may have been before that time elected, although at the time he was elected he may have been a duly qualified and registered voter.

The 22d section of the act for the registration of voters provides that, "The board of registration of each county shall have the sole jurisdiction to try and determine the right of any person to vote therein under the constitution and laws of this State, and their decision shall be final, except in cases of contested elections before either house of the legislature." The object and purpose of the legislature was to determine the right of persons to vote at any particular election, and is plainly manifested throughout the whole act, and the act makes the decision of the board of registration conclusive of that question. But there is no provision in the act declaring that if the name of an office holder shall be struck from the list of registered voters, he shall, for that reason, be removed from his office, when he was before that time, when a qualified and registered voter, duly elected and inducted into office, which must be conclusive against these cases resting as they do on motion to quash.

The motion to quash each and every one of the rules should, therefore, have been sustained. The judgment in each case will have to be reversed and the rules quashed.

The other judges concurred.

JUDGMENT REVERSED AND RULES QUASHED.