68   324
85   643
68   324
98   589
68   324
107  287
68   324
110  657

[No. 11236. Department One. — December 31, 1885.]

# IN THE MATTER OF U. SMITH, APPELLANT, *v.* R. A. LING, RESPONDENT

PUBLIC OFFICERS — SUMMARY REMOVAL OF — PROCEEDING FOR. — The summary proceeding provided by section 772 of the Penal Code against public officers who have charged and collected illegal fees, or refused or neglected to perform their official duties, has for its object the removal of such officers from office, and cannot be maintained against them after they have ceased to hold office.

ID. — ACCUSATION — MATTERS TO BE ALLEGED. — The accusation in such a proceeding must show with certainty whether the defendant is accused of charging and collecting illegal fees for his services, or of refusal or neglect to perform his official duties. If the accusation is for the former offense, it must allege that the fees were illegal and were collected.

ID. — The accusation must also allege that the defendant acted or omitted to act knowingly, willfully, or corruptly.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*U. Smith,* for Appellant.

*R. A. Ling,* for Respondent.

SEARLS, C. — The defendant, R. A. Ling, was a justice of the peace in and for Los Angeles township, county of Los Angeles, from January, 1883, to January 5, 1885.

This is a proceeding under section 772 of the Penal Code, which relates to the offense of " charging and collecting illegal fees " by officers, and for the refusal or neglect to "perform the official duties pertaining to his office."

The information, which was filed after the defendant ceased to be an office-holder, is quite lengthy, and contains so many statements of fact by way of recital only, and so much that is indefinite and uncertain, that we shall not attempt a synopsis of the facts.

Defendant moved the court to set aside the information upon several grounds. The motion was granted, and judgment rendered in favor of defendant.

The accusation or information was defective in these respects:—

1. It cannot be determined therefrom, with any certainty, whether defendant is sought to be charged with "charging and collecting illegal fees for services rendered," or with refusal or neglect to perform the official duties pertaining to his office as a justice of the peace.

2. Treated as an information for charging illegal fees, it fails except by way of recital to show that such fees were either illegal, or that they were collected.

3. There is no charge that defendant knowingly, willfully, or corruptly charged and collected illegal fees, or neglected to perform any official duty. (*Triplett* v. *Munter*, 50 Cal. 644.)

4. Defendant's term of office having expired January 5, 1885, and the accusation not having been filed until May, 1885, defendant was not an officer at the date of the institution of the proceedings.

The summary proceedings provided by section 772 of the Penal Code are aimed at officers as such, and result, where the defendant is found guilty, in his being deprived of his office.

The statute also provides that a judgment of five hundred dollars shall be entered in favor of the informer.

This last provision was no doubt inserted as an inducement for persons having knowledge of official guilt to institute proper complaint, and the fine is but a sequence of the paramount object of the statute, viz., the removal from office of incumbents who knowingly, willfully, and corruptly use their official position as a medium for extortion and wrong.

There are other modes provided in the criminal laws for the punishment of crimes and misdemeanors, whether committed by public or private citizens.

This particular statute seems to be aimed at certain public officers as such, with the definite and fixed object of removing them from office, and when they cease to hold office, they are no longer the subjects of a prosecution having for its main object the depriving them of that which they, as ex-officers, do not possess.

There are other objections to the accusation, but we deem those already referred to conclusive of the case.

The judgment of the court below should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.