[15063.    Department Two.—June 12, 1893.]

IN RE REMOVAL FROM OFFICE OF W. W. STOW, R. P. HAMMOND, AND JOSEPH AUSTIN, COMMISSIONERS OF GOLDEN GATE PARK.

ACCUSATION AGAINST COMMISSIONERS OF GOLDEN GATE PARK—VIOLATION OF EIGHT-HOUR LAW—INSUFFICIENT AVERMENT.—A written accusation, under section 772 of the Penal Code, against certain individuals, charging that "while acting in the official capacity of commissioners of Golden Gate Park" they wilfully omitted to insert a provision that eight hours should constitute a legal day's work, in a contract for labor upon said public park, and that they compelled the laborers employed by them to work nine hours daily, and praying their removal from office, and for a judgment of five hundred dollars in favor of the informer, as provided in said section of the Penal Code, but not averring where Golden Gate Park is located, or that the defendants were officers of the state or of any county or municipality when the contract was entered into, or that they held office when the accusation was filed, is fatally defective.

ID.—JURISDICTION OF SUPERIOR COURT TO REMOVE STATE OR COUNTY OFFICER—SHOWING REQUIRED.—In order to give the superior court authority to enforce the penal provisions of section 772 of the Penal Code for the removal from office of an unfaithful officer of the state, or of a county or municipality, who is within its jurisdiction, all the facts showing that the accused is a state, county, or municipal officer within the jurisdiction of the court, and when, how, and where he refused or neglected to perform his official duty, must be plainly and fully alleged, and the proceeding must be instituted while the accused is still in office, and not after his term has expired.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*William M. Willey*, in *pro per.*, for Appellant.

*Harold Wheeler*, for Respondents.

BELCHER, C.—On January 6, 1892, William M. Willey filed in the superior court of the city and county of San Francisco an accusation in writing, verified by his own oath, alleg-

ing that the respondents Stow, Hammond, and Austin, "while acting in the official capacity of commissioners of the Golden Gate Park," entered into and signed an agreement with one Charles Warren, on or about August 12, 1891, whereby said Warren contracted to perform certain work upon and within said public park; that the said contract was not drawn in the form prescribed by law, in that the stipulation, directed by section 3245 of the Political Code, that eight hours should constitute a legal day's work, was omitted therefrom; and that this omission was made wilfully and knowingly by respondents, because prior to the execution of the said contract they had been petitioned, for and on behalf of the citizens for whose protection the said statute was enacted, to have the said stipulation inserted in all contracts let by them. The accusation also alleged that the respondents, "while commissioners of said Golden Gate Park," have compelled the laborers employed by them to work nine hours daily; and it concludes with a prayer that the respondents be cited to appear in court and show cause why they should not be removed from office, and that judgment be given against them, in the sum of five hundred dollars each, in favor of the deponent as informer, and for costs, "as provided by section 772 of the Penal Code of California, under which section this information is herewith filed."

The respondents severally appeared and demurred to the accusation upon nearly all the statutory grounds. After argument, the demurrers were sustained, and, the complainant declining to amend, judgment was entered that the proceeding be dismissed without costs. From this judgment the complainant appeals.

Section 772 of the Penal Code is as follows: "When an accusation in writing, verified by the oath of any person, is presented to a superior court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered, or to be rendered in his office, or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at a time not more than ten nor less five days from the time the accusation was presented; and on that day or some other subsequent day not more than twenty

days from that on which the accusation was presented, must proceed to hear, in a summary manner, the accusation, and evidence offered in support of the same, and the answer and evidence offered by the party accused; and if on such hearing, it appears that the charge is sustained, the court must enter a decree that the party accused be deprived of his office, and must enter a judgment for five hundred dollars in favor of the informer, and such costs as are allowed in civil cases."

And section 3245 of the Political Code is in these words: "Eight hours' labor constitute a legal day's work in all cases where the same is performed under the authority of any law of this state, or under the direction, control, or by the authority of any officer of this state acting in his official capacity, or under the direction, control, or by the authority of any municipal corporation within this state, or of any officer thereof acting as such; and a stipulation to that effect must be made a part of all contracts to which the state or any municipal corporation therein is a party."

The evident purpose of section 772, above quoted, was to authorize a superior court to remove from office any unfaithful officer of the state, or of a county or municipality within the state, who is within its jurisdiction, and who has refused or neglected to perform the official duties pertaining to his office. The section is penal in its character, and in order to give the court authority to enforce it, all the facts, showing that the accused is a state, county, or municipal officer within the jurisdiction of the court, and when, how, and where he refused or neglected to perform his official duty, should be plainly and fully alleged; and the proceeding must be instituted while the accused is still in office, and not after his term has expired. (*Smith* v. *Ling*, 68 Cal. 324; *Woods* v. *Varnum*, 85 Cal. 639.)

The only question then is, Does the accusation in this case meet these requirements? In our opinion it does not, but is fatally defective in several respects.

In the first place, there is no averment as to where Golden Gate Park is located. So far as appears from the averments, it may be in San Diego or Siskiyou County, or in the state of Nevada or Oregon. In the second place, it does not appear from any averment that the respondents, when they entered

into the contract with Warren, or when they compelled laborers employed by them to work nine hours daily, were officers of this state, or of any county or municipality within the state. The averment is only that they did the acts complained of "while acting in the official capacity of commissioners of Golden Gate Park." And in the third place, it does not appear that the respondents were park commissioners or held any office when the accusation was filed against them.

This being so, the demurrers were properly sustained, and it is immaterial upon what particular ground the court below based its ruling.

The judgment should be affirmed.

VANCLIEF, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

FITZGERALD, J., McFARLAND, J.

DE HAVEN, J. (concurring).—I concur in the judgment. The failure of the defendants to have inserted in the agreement alleged to have been made by them with Warren, a clause to the effect that 'eight hours should constitute a legal day's work thereunder, did not constitute a refusal or neglect upon the part of defendants "to perform the official duties pertaining" to the office of park commissioner, within the meaning of section 772 of the Penal Code. The official duties referred to in that section, and the non-performance of which is made cause for removal from office, relate to official duties, the failure to perform which may injuriously affect the rights of some one of the general public, and the performance of which duties is made mandatory upon the part of the officer in the interest of the public. The omission here charged is not of this nature, because, if it should be assumed that section 3245 of the Political Code has any reference whatever to such a contract as is mentioned in the accusation, the omission to insert in such agreement a provision that eight hours should constitute a legal day's work thereunder can in nowise affect the rights of laborers employed by the contractor, and who did not expressly stipulate to work more than eight hours each day; for the section itself, inde-

pendent of any such express provision, forms part of the contract, and the contract in such a case is to be read and interpreted as if it contained the express stipulation mentioned in the statute. Plainly, therefore, the rights of no one can be, or were, affected by the omission complained of. If, upon the other hand, section 3245 of the Political Code does not include such a contract as the petition alleges was made by defendants with Warren, then clearly the omission to make the express stipulation referred to was not in any sense a failure to discharge an official duty.

Looked at from any point of view, the petition fails to state a cause of action against the defendants.