[Civ. No. 3797. Third Appellate District.—April 18, 1929.]

A. G. EDSON et al., Petitioners, v. SUPERIOR COURT OF SISKIYOU COUNTY et al., Respondents.

Jesse W. Carter and Annette Abbott Adams for Petitioners.

Charles E. Johnson for Respondents.

PLUMMER, J.—This cause is before us upon the application of the above-named petitioners praying for a writ of this court restraining and prohibiting the Superior Court of the State of California, in and for the County of Siskiyou, and H. S. Gans, as the judge presiding in said court, in the matter of this cause, from proceeding further in any proceedings based upon a certain accusation filed in said court on the eighth day of December, 1928. Upon the filing of the petition herein an alternative writ was issued directing the respondents to show cause, if any, why the writ of prohibition prayed for should not be granted.

The record before us shows that on the eighth day of December, 1928, the grand jury of the county of Siskiyou presented and filed in said court an accusation against the above-named petitioners charging them with misconduct in office and asking for their removal. The accusation, so far as pertinent here, is in the words and figures following:

"A. G. Edson, Frank Piluso, Charles Hoffman and Ephriam Ackley as councilmen and members of the board of city trustees of the town of Mt. Shasta City, Siskiyou County, California, duly elected, acting and qualified as such city trustees, and acting as such at all times herein mentioned, are hereby accused by the grand jury of the County of Siskiyou, State of California, by this accusation, of wilful and corrupt misconduct in the discharge of their duties as said councilmen of the City Board of Trustees of the town of Mt. Shasta City, in and for the said county of

Siskiyou, State of California, said wilful and corrupt misconduct as such Board of City Trustees consisting of the following acts, specified as follows, to-wit: That A. G. Edson, Frank Piluso, Charles Hoffman and Ephriam Ackley, qualified and acting as members of the City Board of Trustees of the City of Mt. Shasta, at Mt. Shasta City, in said Siskiyou County, California, on or about the 1st day of June, 1928, and 1st day of July, 1928, unlawfully, wilfully, corruptly, and under color of official right, did order collected and did collect and have collected and obtained of and from certain persons operating slot-machines and houses of prostitution within the city limits of Mt. Shasta City, certain fines, fees and licenses, to-wit: The sum of Five Dollars ($5.00) per month for the operation of illegal slot-machines, and the sum of Twenty-five ($25.00) Dollars per month for each house of prostitution, said sums being collected and paid by order of said City Board of Trustees, above mentioned, and individuals thereof, to the Police Judge of the City of Mt. Shasta City; which said sums were paid on or about the 1st day of June and the 1st day of July, 1928, and the said members of the said City Board of Trustees, above mentioned, knowing the same to be illegal and without authority of law.''

To this accusation the respondents appeared and demurred, assigning a number of reasons why said accusation was and is insufficient, only two of which we need to consider—First: That said accusation does not state facts sufficient to constitute an accusation for wilful and corrupt, or any misconduct in office, against the defendants or any of them, or misconduct in the discharge of their duties as members of, or as the board of trustees of the town of Mt. Shasta. Second: That said accusation does not allege, and it does not appear therefrom that the defendants, or any of them, now are, or were at the time the said accusation was presented, city trustees of said town of Mt. Shasta. By the charging part of the accusation which we have set forth it appears that the petitioners were and are designated as the board of trustees of the town of Mt. Shasta, duly elected, qualified and acting as such at all the times herein mentioned, and that the times mentioned were and are the first day of June, 1928, and the 1st day of July, 1928. There is nothing in the accusation charging that the petitioners are and were at the time of presenting and filing the accusa-

tion, members of the board of trustees of the town of Mt. Shasta, or that any of the petitioners were such members.

This proceeding is based upon section 758 of the Penal Code which reads: "An accusation in writing against any district, county, township or municipal officer, for wilful or corrupt misconduct in office, may be presented by the grand jury of the county having, or in which the officer accused is elected or appointed." Section 769 of the Penal Code provides that "upon a conviction the court must, at such time as it may appoint, pronounce judgment that the defendant be removed from office," etc. The only penalty provided for is that of removal from office, which, of course, necessitates the fact of the person against whom the accusation is presented, being in office at that date. If the accusation presented does not upon its face show that the person proceeded against is the duly qualified and acting officer at the date it is sought to remove him from office, it is fatally defective in not laying a foundation upon which a judgment of removal can be based. That an accusation which does not show that the person proceeded against is the duly elected, qualified and acting officer of the office from which it is sought to remove him at the date of the filing of the accusation, does not state a cause of action, is sustained by the following authorities: *In re Stow*, 98 Cal. 587 [33 Pac. 490]; *Smith* v. *Ling*, 68 Cal. 324 [9 Pac. 171]; *Thurston* v. *Clark*, 107 Cal. 285 [40 Pac. 435]; *Woods* v. *Varnum*, 85 Cal. 639 [23 Pac. 137]. The very case upon which the respondents rely is an authority against the sufficiency of the accusation in this cause. We quote from the case of *Woods* v. *Varnum*: "As to the point that there is no statement of the time when appellant became tax-collector, or when his present term commenced, the averment is that the appellant 'is and at all times hereinafter mentioned was, the duly elected, qualified and acting tax-collector of said San Diego County.' This was a sufficient averment on that point. Of course the proceeding lies only against one in office and not against one whose term has expired, but the accusation sufficiently shows appellant to be in office." Had the accusation in this case read that the persons named "are, and at all times hereinafter mentioned were the duly elected, qualified and acting trustees," etc., it would have conformed to the case of *Woods* v. *Varnum*, *supra*, and laid the basis

for a judgment of removal in the event of the accusation being sustained. The cases which we have cited are conclusive upon these points.

█ It appears to be well settled that prohibition is a proper remedy where a trial court overrules a demurrer to an accusation which does not state facts sufficient to constitute a cause of action. In *Rose* v. *Superior Court,* 80 Cal. App. 739 [252 Pac. 765], it is said in substance that prohibition is a proper remedy where the accusation does not state facts sufficient to constitute a cause of action for removal, or confer upon the superior court jurisdiction to proceed, and is established by a long line of decisions. That prohibition will lie under such circumstances is also supported by the cases of *Siebe* v. *Superior Court,* 114 Cal. 551 [46 Pac. 456]; *Coffey* v. *Superior Court,* 147 Cal. 525 [82 Pac. 75]; *Hunt* v. *Superior Court,* 178 Cal. 470 [173 Pac. 1097]. Some of these cases proceed to consider petitions for writs of prohibition without discussing other decisions holding prohibition to be a proper remedy.

█ In answer to the foregoing the respondents insist that "a writ of prohibition lies only when and because the court or tribunal to which the writ is addressed is acting, or is about to act in excess of its jurisdiction and there is no plain, speedy and adequate remedy in the course of law." And then add: "It is well established that a judgment is not void if the court has jurisdiction of the parties and the subject matter, irrespective of whether the complaint states a cause of action or not, so long as it apprises the defendant of the nature of plaintiff's demand." (Citing in support of this statement the case of *Reid* v. *Superior Court,* 44 Cal. App. 349 [186 Pac. 634].) The opinion in the Reid case, *supra,* quotes from *Brush* v. *Smith,* 141 Cal. 466 [75 Pac. 55], where it is said: "If the court below should hold the complaint sufficient, when, as a matter of law it failed to state facts sufficient to constitute a cause of action, such ruling would be erroneous, but nevertheless, the court had jurisdiction; it had jurisdiction to determine the question, and to determine it wrong as well as right." The same language is quoted from the opinion in the case of *Christerson* v. *French,* 180 Cal. 523 [182 Pac. 27]. The case of *Brush* v. *Smith, supra,* was a collateral attack upon the judgment in a civil case. The case of Christerson was an

appeal from an order setting aside a judgment entered by default. These cases, while correctly stating the law based upon the facts presented, are not pertinent here where the petitioners have no plain, speedy and adequate remedy. We do not need to cite the authorities for it is now the unquestioned law that no appeal lies where the proceedings are based upon either section 758 or 772 of the Penal Code. The judgment of the trial court is final where the proceedings are based upon either section.

As the writ must issue, it does not seem necessary to comment upon other portions of the accusation, except to state that if new proceedings are instituted, the charge against the petitioners should be direct and not by way of recital; that it should show what orders, if any, were adopted by the board of trustees; that if the board of trustees, or the members thereof, as argued by respondents, "went to the violators and demanded fees for the purpose of allowing them to carry on their business in violation of law," such acts should be charged. Likewise, that if the petitioners conspired with the violators of the law to permit them to carry on an illegal business by paying monthly fees, such acts should be charged. We may likewise call attention to the following language set forth as a charge, but which is really recital: "Said sums being collected and paid by the order of the said City Board of Trustees above mentioned, and individuals thereof." The latter portion of this quotation is demurrable on the grounds of uncertainty as to who the individuals were. We do not need to discuss the authorities to the effect that accusations based upon either section 758 or section 772 of the Penal Code need not be drawn with all the particularity and nicety required in the drafting of indictments or informations. All the essential facts, however, to constitute a cause of action must be set forth.

The accusation being fatally defective for the reasons herein stated the demurrer of the respondents should have been sustained, and as prohibition is the proper remedy, it follows that the writ prayed for herein prohibiting the respondents from further proceeding on the accusation referred to, should be granted, and it is ordered that a peremptory writ to that effect be issued herein.

Thompson (R. L.), J., and Finch, P. J., concurred.