JOHN LAYNE, *Mayor, etc.*

*v.*

PAUL HAYES

(No. 10739)

Submitted October 25, 1955. Decided November 15, 1955.

*Hiram G. Williamson,* for plaintiff in error.

No appearance for defendant in error.

HAYMOND, JUDGE:

In this statutory proceeding instituted in the Circuit Court of Mingo County on September 21, 1954, and subsequently revived in the name of John Layne, his successor in office, the original plaintiff and petitioner, P.

B. Maynard, then Mayor of the City of Williamson, West Virginia, sought an order of that court confirming the removal of the defendant, Paul Hayes, as a member of the Civil Service Commission of the City of Williamson by the mayor of that city, on September 17, 1954.

The petition, which prayed for confirmation by the circuit court of the action of the petitioner P. B. Maynard in so removing the defendant, was filed in the office of the clerk of the Circuit Court of Mingo County on September 21, 1954, and a copy of the petition was served upon the defendant on the same day. The reasons for which the defendant was removed by the mayor from the office of member of the commission and the grounds relied upon for his removal were stated in the petition in these words:

"1. The appointment of Paul Hayes was made by Henry T. Hammond, who was serving as Mayor of Williamson on or about the 15th day of January, 1954, which date was subsequent to the decision of the Supreme Court of Appeals of West Virginia, rendered on or about the 27th day of December, 1953, declaring the Office of Mayor of Williamson to be vacant and directing Mr. Hayes to forthwith release said office to the Mayor."; and

"2. The undersigned is informed and believes that Mr. Hayes has already pre-judged the controversy now existing between the City Council of the City of Williamson and the suspended fire chief and assistant fire chief, Claude and Dulaney Stowers, respectivly."

On September 27, 1954, the defendant tendered and filed a plea in abatement and a demurrer to the petition.

The plea in abatement, which challenged the jurisdiction of the circuit court to hear and determine this proceeding, alleged that the petition was prematurely filed; that "Chapter 8, Article 6A, Section 2, of the Code of West Virginia, as amended," provides in part that "The mayor or principal executive officer, may, at any time, remove a commissioner for good cause, which shall

be stated in writing and made a part of the records of the commission"; that no such writing was filed by the petitioner P. B. Maynard; that the statute is mandatory and imposes a condition precedent to the filing of the petition; and that, for that reason, the circuit court is without jurisdiction to entertain the petition or to enter any order or decree in this proceeding.

The demurrer denied the legal sufficiency of the petition on the ground that it does not allege any cause for the removal of the defendant as a member of the commission.

By written instrument dated September 17, 1954, the petitioner P. B. Maynard notified the defendant of his removal for good cause as a member of the commission to be effective immediately. This notice, which was duly served upon the defendant on the same day, specified the same reasons and the same grounds relied upon for the removal of the defendant from the office of member of the commission that were alleged in the petition.

On September 29, 1954, the foregoing notice was filed by order of the judge entered in vacation as of September 27, 1954, and, issue having been joined upon the plea in abatement and the demurrer of the defendant to the petition, the plea in abatement and the demurrer were overruled. The proceeding was then set for hearing on October 5, 1954.

On October 2, 1954, the defendant filed his answer in which he denied the allegations contained in paragraphs 1 and 2 of the petition and demanded strict proof of each allegation. In the answer the defendant also alleged, as a defense against his removal as a member of the commission, that he had previously been appointed a member of the commission and had qualified and acted as such during an unexpired term which ended December 31, 1953; that on January 7, 1954, he was reappointed a member of the commission for a term of four years

from January 1, 1954, by Henry T. Hammond, who was then the Mayor of the City of Williamson; that the decision of the Supreme Court of Appeals of West Virginia rendered December 21, 1953, was inoperative for a period of at least thirty days from that date; that the order of that court which was entered in the office of the Clerk of the Circuit Court in vacation on February 8, 1954, did not declare the office of Mayor of the City of Williamson to be vacant but merely recited that P. B. Maynard, the contestant in the proceeding in the Supreme Court of Appeals, was entitled to the office of Mayor of the City of Williamson and that the contestee, Henry T. Hammond, should forthwith vacate that office; that Henry T. Hammond continued to hold and occupy and perform all official acts and duties of that office until January 18, 1954, when he relinquished it to P. B. Maynard, who on that day qualified and assumed the duties of the office of mayor; that under the statutes then in force and effect it was the mandatory duty of Henry T. Hammond, as mayor, on or before January 10, 1954, to fill the office of member of the commission to which the defendant was appointed; that when the appointment of the defendant was made by Henry T. Hammond he was, either de jure or de facto, Mayor of the City of Williamson; that the appointment of the defendant is valid and binding in all respects; that the defendant is qualified and has acted as a member of the commission continuously since the date of his appointment and has done and performed all official acts in connection with his appointment; and that the petitioner P. B. Maynard has ratified and acquiesced in the right of the defendant to the office of member of the commission.

On October 7, 1954, the defendant moved the circuit court to strike the allegations in paragraph 1 of the petition. This motion the court overruled. The petitioner P. B. Maynard, by permission of the court and without objection, then withdrew the allegations contained in paragraph 2 of the petition because of lack of proof to support those allegations and they were stricken from

the petition. The petitioner P. B. Maynard and the defendant, by their attorneys, entered into a written stipulation of the facts involved in this proceeding and the stipulation which, in substance, contained the facts alleged in paragraph 1 of the petition and in the answer of the defendant to that paragraph of the petition, was filed as part of the record. This proceeding was then heard by the circuit court upon the petition, the answer, the notice of removal, and the facts as stipulated by the parties.

By final order entered October 8, 1954, in which it is recited that the only issue involved is the legal question whether the appointment of the defendant as a member of the Civil Service Commission was a valid appointment to that office, the court held the appointment to be invalid and confirmed the action of the petitioner P. B. Maynard in removing the defendant as a member of the commission. To that order this Court granted this statutory appeal on March 21, 1955, upon the application of the defendant.

Leave to move to reverse the final order of the circuit court confirming the action of the petitioner P. B. Maynard in removing the defendant from the office of member of the commission having been granted, the questions arising upon the motion of the defendant to reverse the order of the circuit court were submitted to this Court for decision upon the record and the brief in behalf of the defendant on October 25, 1955. The successor in office to the petitioner P. B. Maynard has made no appearance and has filed no brief in this Court.

The defendant assigns as error calling for reversal of the final order of the circuit court the action of that court in overruling the demurrer of the defendant to the petition. In support of that assignment of error the defendant in effect contends that the question of the validity of the appointment of the defendant to the office of member of the commission, which was the only issue considered by the circuit court in confirming the action

of the petitioner P. B. Maynard in removing the defendant from that office, can not be determined in this proceeding based upon Section 2, Article 6A, Chapter 88, Acts of the Legislature, Regular Session, 1949, which amends Chapter 8, Code, 1931, as amended; and that the statute upon which this proceeding is based, in authorizing the mayor or the principal executive officer of a municipal corporation to remove a member of the civil service commission of the fire department of a municipality for good cause and in vesting the circuit court of the county in which such municipality is situated with jurisdiction to entertain a petition by the mayor or the principal executive officer for confirmation of his action in removing a member of such commission and to hear and decide upon such petition, does not empower either such officer or the circuit court to consider or determine the right or the title of a member of the commission to that office as cause for removal but authorizes the removal of such officer only for good cause in connection with the acts and the conduct of such officer in occupying and administering the duties of such office.

The question for decision in this proceeding is whether, under Section 2, Article 6A, Chapter 88, Acts of the Legislature, Regular Session, 1949, the mayor of a municipality can remove from the office of member of a civil service commission a person appointed to and occupying that office on the ground that the appointment of such person is invalid.

Section 2, Article 6A, Chapter 88, Acts of the Legislature, Regular Session, 1949, upon which this proceeding to confirm the action of the petitioner P. B. Maynard in removing the defendant from his office is based, contains, among others, these pertinent provisions: "The mayor or principal executive officer, may, at any time, remove a commissioner for good cause, which shall be stated in writing and made a part of the records of the commission: *Provided, however,* That once the mayor has to remove any commissioner, such removal shall be

temporary only and shall be in effect for a period of ten days, if at the end of said period of ten days the circuit court of the county in which said city or municipality is located, is in term or session. Within said ten day period the mayor shall file in the office of the clerk of the circuit court of said county a petition setting forth in full the reason for said removal and praying for the confirmation by said circuit court of the action of the mayor in so removing the said commissioner. * * *. The court, or the judge thereof, in vacation, shall hear and decide upon said petition. The contestant against whom the decision of the court, or the judge thereof, in vacation, shall be rendered, shall have the right to petition the supreme court of appeals for a review of the decision of the circuit court, or the judge thereof, in vacation, as in chancery cases."

Though the words good cause as ground for removal, as used in the statute, have not been interpreted or their meaning and effect determined by this Court in any previous decision, it is manifest that those words relate to disqualification of the officer to hold the office, his conduct in administering the office, and the manner in which the duties of the office are performed or conducted, and that they do not apply to or affect the validity of his appointment to the office or his title to the office or his right to hold or occupy it prior to his removal by the mayor and the institution of this proceeding in the circuit court for confirmation of such removal. Reference to and examination and consideration of constitutional provisions and other statutory provisions governing the removal of public officers in this State support this view of the meaning and the effect of good cause as used in Section 2 of the above quoted statute.

Article IV, Section 6, of the Constitution of this State provides: "All officers elected or appointed under this Constitution, may, unless in cases herein otherwise provided for, be removed from office for official misconduct, incompetence, neglect of duty, or gross immorality, in

such manner as may be prescribed by general laws, and unless so removed they shall continue to discharge the duties of their respective offices until their successors are elected, or appointed and qualified."

Sections 5 and 7, Article 6, Chapter 6, Code, 1931, provide that any state officer, except the governor, any judge, or a member of the legislature, may be removed from office by the governor, and that any person holding any county, magisterial district, independent school district, or municipal office, including the office of a member of the board of education, whether elected or appointed, except a judge of a court of record, may be removed by the circuit court of the county in which such officer or person resides, or the judge of such court, in vacation, for any of these grounds: (a) When disqualified from holding the office under any provision of the Constitution, or any law now in force, or which may hereinafter be enacted, whether such disqualification arose before or after his induction into office and (b) for official misconduct, malfeasance in office, incompetence, neglect of duty, or gross immorality.

In none of the foregoing provisions is there any mention of the validity of the election or the appointment to the office as a ground of removal. Disqualification of an officer to hold the office in any particular case does not necessarily relate to or affect the validity of his selection to the office, but may relate and apply to his right to continue to hold and occupy such office because of some act or conduct on his part, such as the permanent removal of the officer from this State, or his acceptance of another incompatible office, or his legal status, such as his conviction of the crime of perjury which by statute operates as a disqualification to hold public office, or his selection to the office when he is not a legal voter or is under the age required by law to enable him to hold the office.

The specification in the foregoing constitutional and statutory provisions of particular grounds for removal

of a public officer by necessary implication limits the grounds for removal under those provisions to those specifically mentioned in such provisions. In the interpretation of statutory provisions the familar maxim *expressio unius est exclusio alterius,* the express mention of one thing implies the exclusion of another, applies. *Harbert* v. *The County Court of Harrison County,* 129 W. Va. 54, 39 S. E. 2d 177; *State ex rel. Downey* v. *Sims,* 125 W. Va. 627, 26 S. E. 2d 161; *Taylor* v. *Taylor,* 66 W. Va. 238, 66 S. E. 690. Affirmative specification excludes implication. *Beverlin* v. *Beverlin,* 29 W. Va. 732, 3 S. E. 36. In *The State Road Commission of West Virginia* v. *County Court of Kanawha County,* 112 W. Va. 98, 163 S. E. 815, this Court in its opinion used this quotation from the New Jersey case of *Attorney General* v. *McGuinness* 78 N. J. L. 346, 49 Vroom 346, 75 A. 455: "If a written instrument, framed to declare the rights of parties omit a matter that was present to the minds of each, the fact that such matter was not put in writing is conclusive of the intention of the framers of the instrument to leave it out." By the use of the words good cause, as ground ᐧfor removal, in Section 2 of the statute on which this proceeding is based, it is clear that these words, when read in connection with the foregoing provisions of Article IV, Section 6, of the Constitution, and of Sections 5 and 7, Article 6, Chapter 6, Code, 1931, were intended by the Legislature to mean disqualification to hold a public office to which the incumbent has been appointed or acts or omissions in administering the office, such as official misconduct, malfeasance in office, incompetence, neglect of duty, or gross immorality, and that they were not intended to extend or to relate to the validity of his selection to the office.

"A case of 'removal for just cause' in this sense implies some misconduct upon the part of the officer, or imputes to him some violation of the law." *Good* v. *Common Council of the City of San Diego,* 5 Cal. App. 265, 90 P. 44. Misconduct in office is any wilful unlawful behavior by a public officer in relation to the duties

of his office. *Kesling* v. *Moore,* 102 W. Va. 251, 135 S. E. 246. Removal from office for good cause, under the statute on which this proceeding is based, implies some misconduct upon the part of the officer whose removal is sought or imputes to him some violation of law, but it does not affect or apply to the validity of the appointment to the office. "The cause which will justify the removal of a municipal officer must be one which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. The case must be one touching the qualifications of the officer or the performance of his duties, showing that he is not a fit or proper person to hold the office. An attempt to remove an officer for any cause not affecting his competency or fitness would be an excess of power, and equivalent to an arbitrary removal. * * * . The misconduct charged must be something which the officer did, or did not do, in his official capacity." 37 Am. Jur., Municipal Corporations, Section 242.

As the petitioner P. B. Maynard, by leave of the court, and without objection by the defendant, withdrew, eliminated and abandoned the only valid ground for removal, alleged in paragraph 2 of the petition, and as the only alleged ground for removal which then remained in the petition and upon which this proceeding was heard related to the validity of the appointment of the defendant to the office of member of the commission, the petition, as so modified, does not allege any ground which constituted good cause for his removal from the office which he then held. The allegations of paragraph 1 of the petition do not set forth any disqualification of the defendant to hold the office or any misconduct in administering the office but attack his title to it and his right to hold and occupy it on the sole ground that Henry T. Hammond, while occupying the office of mayor after the decision of this Court in *Maynard* v. *Hammond,* 139 W. Va. 230, 79 S. E. 2d 295, ordered him to vacate it, was

without power or authority to appoint the defendant to the office of member of the civil service commission.

To remove a person from public office the person sought to be removed must have title to or must hold or occupy the office; otherwise there is no basis or reason for removal and removal, in such situation, is neither necessary nor possible. Removal from office has been defined as deprivation of office by act of competent superior officer acting within scope of authority. *Attorney General ex rel. O'Hara v. Montgomery*, 275 Mich. 504, 267 N. W. 550; Black's Law Dictionary, Third Edition, 1459. To deprive an officer of an office he must necessarily hold the office of which he is deprived. The act of removal, or the attempt to remove, admits and concedes that the person sought to be removed has title to the office and implies that subsequent to his occupancy of the office he has acquired a status or engaged in conduct which deprives him of the right to continue in the office. Removal from office presupposes the prior induction to the office of the person sought to be removed. It is a contradiction of terms to assert that a person who does not hold an office can be removed from the office. "In the case of a removal, it is admitted that the title to the office has vested in the appointee and that he rightfully holds the office, but it is sought to have this title to the office forfeited and the appointee ousted therefrom." 89 A.L.R., Annotation I a, page 133.

In *State ex inf. McKittrick, Attorney General v. Wymore, Prosecuting Attorney*, 343 Mo. 98, 119 S. W. 2d 941, 119 A. L. R. 710, a quo warranto proceeding to remove a person from public office, the Court, differentiating between quo warranto, in which title to a public office is determinable, and a proceeding to remove a public officer for misconduct in office, used this language: "It is admitted that *quo warranto* is the proper remedy to determine title to office. The writ is not directed against the individual claiming the office. It is directed against his right to hold the office. It is not an action in the in-

terest of any individual. It is an action to protect the public against usurpation. 22 Stan. Ency. of Procedure, p. 25. The dominant issue in *quo warranto* is title. It proceeds on the theory that the office has been forfeited by an act of misconduct on the part of the official. On the other hand, removal concedes title and proceeds on the theory that the official either has not 'forfeited by the act forbidden' or has committed a criminal offense and subjected himself to punishment and forfeiture of the office on conviction."

In *Edson* v. *Superior Court of California in and for Siskiyou County*, 98 Cal. App. 367, 277 P. 194, in considering the legal sufficiency of an accusation for the removal of councilmen and members of a board of trustees of a municipality for misconduct in office, under a statute imposing the penalty of removal from office for such misconduct, the opinion contains this language: "That an accusation which does not show that the person proceeded against is the duly elected, qualified and acting officer of the office from which it is sought to remove him at the date of the filing of the accusation, does not state a cause of action, is sustained by the following authorities: *In re Stow*, 98 Cal. 587, 33 Pac. 490; *Smith* v. *Ling*, 68 Cal. 324, 9 Pac. 171; *Thurston* v. *Clark*, 107 Cal. 285, 40 Pac. 435; *Woods* v. *Varnum*, 85 Cal. 639, 24 Pac. 843." Removal from office takes place after title to the office has become vested in the appointee. 42 Am. Jur., Public Officers, Section 104. To be removed from office the officer must have qualified and he must be acting. 67 C.J.S., Officers, Section 59a; *People ex rel. Bagshaw* v. *Thompson*, 55 Cal. App. 2d 147, 130 P. 2d 237; *Edson* v. *Superior Court of California in and for Siskiyou County*, 98 Cal. App. 367, 277 P. 194; *In re Stow*, 98 Cal. 587, 33 P. 490; *Woods* v. *Varnum*, 85 Cal. 639, 24 P. 843; *In re Smith* v. *Ling*, 68 Cal. 324, 9 Pac. 171.

In the early case of *Phares* v. *The State*, 3 W. Va. 567, 100 Am. Dec. 777, decided in 1869, this Court held that a party possessing all the qualifications required by the

Constitution and the laws of this State, then in effect, to vote and hold office at the time he was elected sheriff of a county, had a right to the office of which he could not be deprived except for cause; that the elimination of his name, after his election and qualification, from the list of registered and qualified voters was not sufficient cause to remove him from office upon a rule to show cause why he should not be so removed because his name had been eliminated from such list; that the reversal of a judgment of removal of an officer from office removes the only impediment to his office; and that no order of this Court is necessary to restore him to the office. See *McPherson* v. *The State*, 3 W. Va. 564, (100 Am. Dec. 777.)

The right to a public office, however, of a person who is duly qualified to hold such office and who has been duly elected or appointed to it, referred to in the *Phares* case, is not a property right to the office, but is regarded as a privilege which is entitled to the protection of the law. See *Hockman* v. *County Court of Tucker County*, 138 W. Va. 132, 75 S. E. 2d 82; *Moore* v. *Strickling*, 46 W. Va. 515, 33 S. E. 274, 50 L.R.A. 279.

In a proceeding to confirm the removal for good cause of a member of the civil service commission of a municipality by its mayor, based upon Section 2, Article 6A, Chapter 88, Acts of the Legislature, Regular Session, 1949, a petition which alleges, as the sole ground of removal, the invalidity of the appointment of such member, does not state a cause of action and is insufficient on demurrer; and the question of the validity of the appointment of a member of such commission can not be considered or determined in such proceeding under that statute.

Though the alleged invalidity of the appointment of the defendant as a member of the Civil Service Commission of the City of Williamson may be determined in quo warranto, in an information in the nature of a writ of quo warranto, or other proper proceeding, the defendant can not be removed from that office for good cause in a

proceeding based on Section 2, Article 6A, Chapter 88, Acts of the Legislature, Regular Session, 1949, when the sole ground of removal set forth in the petition is the alleged invalidity of his appointment to that office; and, as the petition does not allege a cause of action under the statute, the demurrer to the petition should have been sustained by the circuit court.

The final order of the Circuit Court of Mingo County entered October 8, 1954, is reversed and set aside, and this proceeding is remanded to that court with directions to sustain the demurrer to the petition and, as the petition can not be properly amended, to dismiss this proceeding.

*Reversed and remanded*
*with directions.*