THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM Within the bounds of discretion accorded to them, responsible officials may establish the appropriate level of compensation for individual county officials and employees and the compensation of such employees may be established in a manner which takes account of all factors which are considered pertinent, including the presence or absence of an employer contribution to an authorized retirement system. However, compensation must be deemed an element of salary and the total compensation cannot exceed the amount authorized by law. It is controlling that the Legislature has expressly authorized contributions by counties and other government entities to employee's retirement programs within, and subject to, certain express regulations, and has not authorized such contributions to private retirement programs of individual employees. This will acknowledge receipt of your letter wherein you raise the following questions: 1. Can a county office holder and/or employee who is ineligible to participate in the Oklahoma Public Employees Retirement System (74 O.S. 902 [74-902](b)) by reason of receiving benefits under another plan authorized under state law (11 O.S. 361 [11-361] et seq.) be paid an amount in salary in lieu of the employer's proportionate contribution to the Public Employees Retirement System? 2. Can the employee in the aforesaid situation set up a private retirement plan and have the same amount as that paid for other covered employees paid by the county into his private pension plan? Your letter also observes that "Muskogee County is currently paying the full employees contribution into the Oklahoma Public Employees Retirement System in lieu of granting such employees a salary increase." Thus consideration of the first of your two questions calls for an examination of the statutes dealing with compensation of public employees as well as the laws dealing more specifically with their retirement programs. The general scheme of statutory regulations of salaries of county officials and employees is to be found in 19 O.S. 180.58 [19-180.58] (1971) et seq. Section 19 O.S. 180.62 [19-180.62] of this Title sets forth a formula governing the basic salaries for employees and officials of various classifications of counties. Section 19 O.S. 180.63 [19-180.63] provides for additional compensation for additional duties deemed to arise from increased population and tangible taxable property located within such counties; Section 19 O.S. 180.64 [19-180.64](a) sets forth a minimum salary to be paid county officials; and Section 19 O.S. 180.65 [19-180.65] sets forth maximum salary scales applicable to employees serving under such designated officials. The evident purpose of these sections is to establish a uniform comprehensive system of compensation for county officials and employees; and 19 O.S. 180.67 [19-180.67] (1971) expresses specifically what is implicit in the statutory framework itself, namely that it was the Legislature's desire to assure that the counties adhere to the compensation schedule outlined in the above statutes. Section 19 O.S. 180.67 [19-180.67] states in part: "It is hereby declared to be the intent of the Legislature that this act shall be the comprehensive salary code for all counties of this State and no county officer in groups 'A' or 'B' or their assistants, deputies, or other employees by whatever title designated, shall receive any salary or wages except as provided in this act, . . ." It is, of course, basic that the essential objective of proper statutory construction is to ascertain and apply the intent of the Legislature (See generally Vol. II Sutherland, Statutory Construction, 4501, 3rd Ed. 1943). In the present instance the clear and express purpose of the Legislature would be frustrated to the extent that a given county was authorized to pay salaries exceeding those authorized under the statutes referred to; and this is no less true because the compensation in question consisted of payments in lieu of contributions on the employees' behalf to the State Public Employees Retirement System. In the present instance the intent of the Legislature is clearly set forth in the statutes referred to and there are no exceptions or qualifications to deal with the situation outlined in your letter. Also pertinent is 74 O.S. 902 [74-902](15) (1971). It specifically excludes from the overall definition of "eligible employee" (for purposes of the State's retirement program) "any employee who is eligible for or who will become eligible for another retirement plan authorized under any other law of this State . . ." Such language evidences a desire on the part of the Legislature to assure that while creating the plan established in 74 O.S. 901 [74-901] (1971) et seq., individual employees would be prohibited from becoming eligible to participate in more than one plan. Clearly the underlying objective was to avoid the additional expense to the taxpayer which participation in more than one governmentally supported retirement program would necessarily entail. If a public employee who participated in a retirement system funded in part by contributions from some governmental entity was also paid additional salary in lieu of the county's making a contribution to the State Public Employees Retirement System this desire to avoid placing such an additional burden on the taxpayer would be frustrated. The second question you raise differs from the first only in that it contemplates that payment would be made directly to the employee's personal retirement plan and thus would perhaps not be expressly characterized as salary. It is, of course, also a basic rule of construction that a statutory expression of one or more items ordinarily impliedly excludes other items not set forth therein (See e.g. State v. Cline, 322 P.2d 208 (Okl.Cr. 1958); Lavne v. Hayes,141 W. Va. 289, 90 S.E.2d 270 (1955); Champion v. McLeon,266 Ala. 103, 95 So.2d 82 (1957)). As has been stated, "(w)hen what is expressed in a statute is creative, . . . it is exclusive and the power exists only to the extent plainly granted". Taylor v. Michigan Public Utilities Commission, 275 Mich. 400, 186 N.W. 485, 487 (1922). In the present situation the Legislature has created a plan of retirement programs for public employees and in so doing has set forth with substantial specificity the manner in which the State government and its entities are to participate in such programs. This comprehensive legislative scheme contains no provision for counties to participate in private retirement plans of individual employees. Under the circumstances it cannot be assumed that such omission was mere oversight (See e.g. Carp v. Texas Board of Examiners, 401 S.W.2d 639 Tex. Civ. App. 1966; Giloti v. Hamm-Singer Corporation, 396 S.W.2d 711
Mo. 1965). It is, therefore, the opinion of the Attorney General that your questions must be answered in the negative to an extent consistent with the above discussion. Specifically, within the bounds of discretion accorded to them, responsible officials may establish the appropriate level of compensation for individual county officials and employees and the compensation of such employees may be established in a manner which takes account of all factors which are considered pertinent, including the presence or absence of an employer contribution to an authorized retirement system. However, compensation must be deemed an element of salary and the total compensation cannot exceed the amount authorized by law. With respect to the second question it is controlling that the Legislature has expressly authorized contributions by counties and other government entities to employees' retirement programs within, and subject to, certain express regulations, and has not authorized such contributions to private retirement programs of individual employees. (Frank Gregory)