# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**SAMUEL J. GOINS III,**
**Claimant Below, Petitioner**

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0328** (BOR Appeal No. 2050791)
                      (Claim No. 2014003117)

**WEST VIRGINIA DIVISION OF NATURAL RESOURCES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Samuel J. Goins III, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Division of Natural Resources, by Lisa A. Warner Hunter, its attorney, filed a timely response.

The issue on appeal in this case is the compensability of the claim. The claims administrator rejected the claim on December 10, 2014. The Office of Judges affirmed the rejection in its September 1, 2015, Order. The Board of Review affirmed the Order on March 7, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Goins, a natural resources officer, alleges he injured his back in the course of his employment on July 11, 2013, while moving brush from a boat. Sergeant M. S. Lott wrote a statement on July 15, 2013, indicating he was Mr. Goins's immediate supervisor. He stated that Mr. Goins contacted him on July 11, 2013, to say that some branches fell on West Virginia Division of Natural Resources' boat and that he would have to spend some time clearing them off. Later that day, Sergeant Lott told Mr. Goins of a meeting the next day. At that time, Mr. Goins stated that his back was hurting and he had been having trouble with it all week. He further told Sergeant Lott that he spent the night in his camper the night before, slipped on the

1

floor, and hurt his back. Later that same day, Mr. Goins reported to Sergeant Lott that he had hurt his back while moving brush off of the boat. He went to the emergency room and told them that it was a pre-existing condition from an injury sustained in the military.

Correspondence dated July 22, 2013, from the claims administrator to Mr. Goins indicates West Virginia Division of Natural Resources reported Mr. Goins's claim for benefits. Mr. Goins was reportedly supplied with the WC-1 form and instructed to complete it if he wished to file a claim. He was advised that he had six months to complete and return the form. On August 18, 2013, the claims administrator wrote a letter to Mr. Goins stating that it was unable to determine if the claim was compensable and required a WC-1 form to be completed.

Mr. Goins underwent an MRI on August 1, 2013, which showed degenerative changes throughout the thoracic spine. Multiple degenerative changes, disc bulging at multiple levels, and canal stenosis were seen in the cervical spine. Mr. Goins was treated by Rammy Gold, M.D., between August 29, 2013, and April 28, 2014. Treatment notes indicate he underwent an EMG/nerve conduction study of the right extremities which showed no signs of neuropathy or radiculopathy. On August 29, 2013, Dr. Gold saw Mr. Goins for pain in the cervical and thoracic spine as well as the bilateral shoulders. He diagnosed thoracic and low back pain, degeneration of the lumbar discs, lumbosacral neuritis/radiculitis, and lumbar stenosis.

Treatment notes from Medical Center, Memorial Campus indicate Mr. Goins sought treatment for his lower back on November 14, 2013. At that time he alleged that he injured his back in July while moving brush from a boat. His history showed he suffers from chronic low back pain. He requested referral to a neurosurgeon. On September 16, 2013, an MRI revealed L3-4 and L4-5 stenosis.

In a January 9, 2014, letter to the claims administrator, Mr. Goins indicated that he had completed his portion of the WC-1 and delivered the form to PARS Neurosurgical Associates. He was told that Dr. Gold would complete the form and send it to the claims administrator. Mr. Goins also emailed a copy of the WC-1 to the claims administrator that day. The copy was unsigned and the physician's section was left blank. On January 31, 2014, the claims administrator informed Mr. Goins that Dr. Gold's office had failed to complete the physician's section of the WC-1 and that a completed form had still not been received. On May 14, 2014, the claims administrator sent an email to Mr. Goins's attorney stating that it had not received a WC-1 completed by a physician. It had only received one from Mr. Goins. The claimant's counsel sent the claims administrator a WC-1 signed by a physician at Camden Clark Memorial Hospital on October 24, 2014. It indicated Mr. Goins sustained an occupational injury diagnosed as a lumbosacral sprain. The claims administrator rejected the claim on December 10, 2014, stating that Mr. Goins did not sustain a work-related injury and that an application for benefits was not timely filed.

Mr. Goins testified in a deposition on January 22, 2015. He asserted that he sought medical treatment and informed his supervisor of his injury on July 11, 2013. He stated that he filled out a Workers' Compensation form at the hospital. Mr. Goins related that he was contacted by Eileen Kane, a representative of the claims administrator, and was interviewed by her. They

then communicated through e-mail. He was told to submit the necessary paperwork, which he alleges he did through e-mail. He stated that all of this was completed within six months of his injury.

The Office of Judges affirmed the claims administrator's decision in its September 1, 2015, Order. It stated that per West Virginia Code § 23-4-15(a) (2010), an application for benefits must be filed within six months of an injury. In order to comply with the statute, it had to be determined what constitutes the minimum amount of compliance necessary to be deemed to have filed an effective application for benefits. The Office of Judges determined that the problem with the physician's section being left blank is substantial. It found, per the record, that Mr. Goins sought prompt medical attention as he was seen by his family doctor and two specialists. However, none of them completed the WC-1. The Office of Judges concluded that their failure to complete the form indicates that none of them thought the medical condition was occupationally related. The Office of Judges considered Mr. Goins's argument that he cannot force his physicians to complete a WC-1. The Office of Judges determined that it was not an issue in this case since the record shows he could have had the form completed by a PA-C on July 11, 2013. Further, he was made aware of the problem by the claims administrator on August 18, 2013.

The Office of Judges next addressed the issue of whether it was necessary for Mr. Goins to sign the WC-1. The Office of Judges found that in *Culurides v. Ott*, 78 W. Va. 696, 90 S.E.2d 270 (1916), the Court held that an application filled out and signed by the claimant's brother was found to be a meritorious claim for benefits. The Office of Judges therefore concluded that a WC-1 can be filed without the signature of the injured worker, but presumably someone has signed the application. The Office of Judges determined in this case that the basic requirements for a WC-1 were not fulfilled. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 7, 2016.

After review, we agree with the decision of the Board of Review. Mr. Goins filed a WC-1 within the six month time frame. The fact that it was unsigned does not disqualify the application. The fact that the physician's section was not completed brings into question the compensability of the injury; however, it does not bar the application for benefits entirely. The claims administrator was well aware that Mr. Goins was purportedly injured in the course of his employment and that he was attempting to apply for benefits. The West Virginia Division of Natural Resources reported the injury to the claims administrator four days after the injury occurred. Further, West Virginia Code § 23-4-15(a) merely states that an application must be filed, it does not provide qualifications for what constitutes a completed application. However, Mr. Goins failed to show by a preponderance of the evidence that he was injured in the course of and resulting from his employment. He made inconsistent statements of how he injured his back. For example, he reported to Sergeant Lott that his back hurt because he fell the night before. Later that day, he told Sergeant Lott that he hurt his back while clearing brush off of his boat, but then reported to the emergency room that it was a pre-existing condition due to a military injury. Additionally, MRI scans showed the presence of degenerative changes and Dr. Gold found on examination that the claimant suffered from degenerative lumbar spine conditions.

For the foregoing reasons, we find that though the decision of the Board of Review was based upon erroneous conclusions of law, its decision was still correct based upon the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum